OPINION OF THE COURT
Gerard M. Weisberg, J.
The threshold question is whether the papers submitted by the defendant in support of this motion for dismissal are so inherently defective as to preclude the relief sought.
The State has moved for dismissal pursuant to CPLR 3211 (subd [a], pars 2, 7) and subdivision 3 of section 10 of the Court of Claims Act. The papers consist of a notice of motion, affirmation and exhibits. The affirmation is by one, who, at the time of its execution was a “law apprentice” in the employ of the Attorney-General of the State.of New York. It was purportedly made pursuant to CPLR 2106, sections 478 and 484 of the Judiciary Law, and an order of the Appellate Division, First Department, which permits, under specified circumstances, the limited practice of law by senior law students and law school graduates. (Matter *768 of Attorney-General of State of N.Y. [App Div, 1st Dept., June 17, 1980] [hereinafter referred to as “practice order”].) CPLR 2106 provides:
“The statement of an attorney admitted to practice in the courts of the state, or of a physician, osteopath or dentist, authorized by law'to practice in the state, who is not a party to an action, when subscribed and affirmed by him to be true under the penalties of perjury, may be served or filed in the action in lieu of and with the same force and effect as an affidavit.”
The practice order provides that certain activities may be assigned to the students and graduates, including “[p] reparation and argument of motions and answering calendar calls in all courts.” It further states that:
“All students and law school graduates covered by this order may perform all duties, functions and responsibilities of attorneys in the conduct of the foregoing activities, including * * * drafting documents, briefs and memoranda of law * * * provided that the services are incidental to the foregoing authority and that the final drafts of any documents prepared by a law graduate awaiting admission are approved by a regularly admitted attorney in the Attorney General’s Office.”
The issue is whether the practice order, when read in conjunction with CPLR 2106, permits a law apprentice to make effective use of an affirmation, as distinguished from an affidavit. As Professor McLaughlin has pointed out, the penalty for falsely swearing to an affidavit is the same as that for false affirmation, viz., prosecution for perjury under article 210 of the Penal Law. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2106:1, p 596.) The added sanction of disciplinary proceedings applicable to an attorney finds a parallel deterrent in the fact that law apprentices are subject to moral scrutiny before being admitted to the Bar. (Judiciary Law, § 90.)
The court is mindful of the valuable contributions made by law apprentices to the Attorney-General in the conduct of the State’s legal affairs. In construing the vicissitudes of *769 the practice order, we note that CPLE 2106 was adopted to aid in simplifying the practice of law by attorneys. (Fitzgerald v Washington, 80 Misc 2d 861; Macri v St. Agnes Cemetery, 44 Misc 2d 702.) To further this goal, we interpret the practice order to permit the effective use of affirmations by law apprentices in the preparation of motion papers.
The motion is granted in accordance with the order entered hereon.