■ DEBORAH RUT, Appellant, v SUSAN GRIGONIS, Respondent. [625 NYS2d 633] —In an action to recover damages for personal injuries, the plaintiff appeals from an order the Supreme Court, Nassau County (Levitt, J.), dated October 20, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff met her burden, in opposition to the defendant's motion which established a prima facie case for summary judgment, by submitting sufficient evidence creating a triable issue of fact with regard to her claim that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955, 956-957). The plaintiff submitted a report and sworn affidavit of her chiropractor who stated that, based upon certain tests performed during his examination and treatment of the plaintiff, it was his opinion that the plaintiff had sustained a permanent injury and a significant limitation in the range of motion of her cervical spine. The chiropractor supplied copies of computerized range of motion test results and stated that radiographic tests revealed that the plaintiff had suffered a "wedged disc" and a "disc degeneration" as a result of the accident. Notwithstanding the contrary opinions of the defendant's examining physicians, this evidence was sufficient to create a triable issue of fact with regard to the plaintiff's allegation that she sustained a serious injury (see, Morsellino v Frankel, 161 AD2d 748; Ottavio v Moore, 141 AD2d 806, 807;

*see generally, Dufel v Green,* 84 NY2d 795). Bracken, J. P., Krausman and Goldstein, JJ., concur.

Rosenblatt, J., dissents and votes to affirm the order appealed from in the following memorandum: Upon my review of the record, I cannot agree with my colleagues' conclusion that the the report and sworn affidavit of the plaintiff's chiropractor demonstrated a triable issue of fact sufficient to defeat the defendant's prima facie case for summary judgment. Thus, I would affirm Justice Levitt's order, for the reasons stated therein.