■ PHILIPPA GILL, Respondent, v O.N.S. TRUCKING et al., Appellants. [657 NYS2d 452] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 31, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The defendants submitted proof in admissible form which established that the plaintiff has not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact (e.g., *McHaffie v Antieri*, 190 AD2d 780; see also, *Grasso v Angerami*, 79 NY2d 813). The plaintiff failed to meet this burden.

The affirmation submitted by the plaintiff's treating chiropractor does not constitute competent evidence (*see,* CPLR 2106; *Valencia v Siu-Ke Lui,* 239 AD2d 339; *Faintach v Grella,* 209 AD2d 377). In any event, the affirmation fails to demonstrate that the purported limitations in the range of motion in the plaintiff's cervical and lumbar spine were objectively measured or quantified (*see, Forte v Vaccaro,* 175 AD2d 153; *Philpotts v Petrovic,* 160 AD2d 856, 857). Furthermore, the mere repetition of the word "permanent" in the affirmation does not suffice to establish serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955). Under the circumstances, the defendants' motion for summary judgment dismissing the complaint should have been granted (*see, Scheer v Koubek,* 70 NY2d 678; *Lopez v Senatore,* 65 NY2d 1017, 1019). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.