■ JOHN KONKOWSKI et al., Appellants, v WILLIAM A. HOARE et al., Respondents. [659 NYS2d 1006] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 22, 1996, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff John Konkowski did not sustain serious

injury as defined in Insurance Law § 5102 (d). The appeal brings up for review so much of an order of the same court, dated November 18, 1996, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated July 22, 1996, is dismissed, as that order was superseded by the order dated November 18, 1996, made upon reargument; and it is further,

Ordered that the order dated November 18, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the plaintiffs' contention, the evidence submitted by the defendants in support of their motion for summary judgment was sufficient to make a prima facie showing that the injured plaintiff did not sustain serious injury, as defined by Insurance Law § 5102 (d), in the underlying accident (see, Gaddy v Eyler, 79 NY2d 955, 956-957; Flanagan v Hoeg, 212 AD2d 756). Moreover, the court correctly determined that the evidence submitted by the plaintiffs in opposition to the defendants' motion was insufficient to raise a triable question of fact on this issue. The affidavit of the injured plaintiff's chiropractor failed to indicate any objective basis upon which he determined the stated degrees of limitation of motion allegedly suffered by the injured plaintiff, and it was clearly tailored to meet the statutory requirements (see, Lopez v Senatore, 65 NY2d 1017; Lincoln v Johnson, 225 AD2d 593; Giannakis v Paschilidou, 212 AD2d 502; Antoniou v Duff, 204 AD2d 670). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.