■ GHALEB WADI, Respondent, v CARMINE TEPEDINO, Appellant. [661 NYS2d 260] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 31, 1996, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The defendant submitted proof in admissible form which established that the plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact (see, Gaddy v Eyler, 79 NY2d 955; Gill v O.N.S. Trucking, 239 AD2d 463). The plaintiff failed to meet this burden.

The affirmation of Dr. Jorge Rivero, which incorporated an unsworn and undated medical report, was insufficient to raise a triable issue of fact. Dr. Rivero failed to cite any objective tests which he performed in reaching his conclusions (see, Gill v O.N.S. Trucking, supra; Lincoln v Johnson, 225 AD2d 593; Giannakis v Paschilidou, 212 AD2d 502; Georgia v Ramautar, 180 AD2d 713). Moreover, Dr. Rivero last saw the plaintiff in March 1994, a few months after the accident and two years before the motion for summary judgment (see, Letellier v Walker, 222 AD2d 658; Beckett v Conte, 176 AD2d 774; Phillips v Costa, 160 AD2d 855; Covington v Cinnirella, 146 AD2d 565). Dr. Rivero's conclusory use of the words "permanent" and "significant limitation" in describing the plaintiff's injuries were clearly tailored to meet the statutory requirements, and are therefore insufficient to establish a serious injury (see, Almona-

*cid v Meltzer*, 222 AD2d 631; *Gill v O.N.S. Trucking, supra; Lincoln v Johnson, supra).* Under the circumstances, the defendant's motion for summary judgment dismissing the complaint should have been granted. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.

