■ THERESA CASTELLITTO, Appellant, v ATLANTIC & PACIFIC COMPANY, Respondent. [664 NYS2d 97] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 9, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, and

(2) an order of the same court, entered February 6, 1997, which denied her motion, denominated as one for leave to "renew and reargue" the prior motion for summary judgment, but which was, in effect, solely for leave to reargue.

Ordered that the appeal from the order entered February 6, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered December 9, 1996, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff fell when her foot became "stuck on something" on the ground of a parking lot owned by the defendant. The plaintiff did not observe any defect on the parking lot property before or after her fall, which rendered her "practically unconscious".

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon its property, it must be established that a defective condition existed, and that the landowner either affirmatively created the condition, or had actual or constructive notice of its existence (see, Kuchman v Olympia & York, 238 AD2d 381). The Supreme Court was correct in granting summary judgment to the defendant, since there was no evidentiary proof in admissible form sufficient to raise a material issue of fact that the plaintiff fell as a result of a defective condition on the defendant's property (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967; Zuckerman v City of New York, 49 NY2d 557, 562).

The plaintiff's motion, denominated as one to "renew and reargue", was, in effect, a motion to reargue, since the purportedly new material could have been submitted in opposition to the original motion for summary judgment (see, Taylor v Brooklyn Hosp., 187 AD2d 714, 715; Echeverri v Flushing Hosp. & Med. Ctr., 123 AD2d 818, 819). As no appeal lies from an order denying reargument, the appeal from the order entered February 6, 1997, must be dismissed (see, Matter of State Farm Mut. Auto. Ins. Co. v Barbera, 161 AD2d 599). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.