■ ANDREW THOMAS, Respondent, v VERA PHILLIPS et al., Appellants. (And a Third-Party Action.) [667 NYS2d 414] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 14, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

While a guest at the defendants' house, the plaintiff sat on a ledge adjacent to a landing leading to the entrance to the house. The ledge subsequently separated from the wall which it covered and the plaintiff was thrown to the ground. The plaintiff subsequently commenced this action against the owners of the subject property.

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon his property, it must be established that a defective condition existed, and that the landowner either affirmatively created the condition or had actual or constructive notice of its existence (see, Castellitto v Atlantic & Pac. Co., 244 AD2d 379; Kuchman v Olympia & York, 238 AD2d 381). The plaintiff herein has failed to raise a triable issue of fact as to whether the defendants either affirmatively created the condition or had actual or constructive notice of its existence. Notably, the owner of the subject property, the defendant Vera Phillips, testified at her examination before trial that no construction or repair work had been performed on the ledge during the period of time that she owned the house, that she had not observed any indicia of a defect in the ledge such as cracks or holes, and that she had never noticed whether the concrete slab which comprised the ledge was loose. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.