■ MOLLY HOO, Appellant, v HECTOR URIBE, Respondent. [669 NYS2d 378] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated January 22, 1997, which granted the defendant's motion for summary judgment dismissing the complaint, on the ground that the plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and the complaint is reinstated.

As conceded by the respondent, the Supreme Court incorrectly characterized the document submitted by the plaintiff's chiropractor in opposition to the motion as an affirmation, which does not constitute competent evidence under CPLR

2106. The document submitted by the plaintiff's chiropractor was an affidavit (see, Rut v Grigonis, 214 AD2d 721).

The plaintiff submitted sufficient evidence to raise a triable issue of fact as to whether she suffered a serious injury within the meaning of Insurance Law § 5102 (d) by demonstrating a medically-determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment (see, Insurance Law § 5102 [d]; Russo v Scherer, 222 AD2d 665; Rodriguez v Chinatomby, 208 AD2d 605; Gant v Sparacino, 203 AD2d 515). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.