■ Sammy Rum, Respondent, v Pam Transport, Inc., et al., Appellants, et al., Defendant. [673 NYS2d 178] —In an action to recover damages for personal injuries, the defendants Pam Transport, Inc., and Saul Julius Bailey appeal from an order of the Supreme Court, Kings County (Barasch, J.), entered May 15, 1997, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The evidence presented by the appellants established prima facie that the plaintiff's injuries were not serious within the meaning of Insurance Law § 5102 (d). Thus, the burden shifted to the plaintiff to come forward with sufficient evidence to demonstrate the existence of an issue of fact as to whether he suffered a serious injury (see, Gaddy v Eyler, 79 NY2d 955). The affirmation by the plaintiff's chiropractor is not in admissible form, and thus, cannot be considered (see, CPLR 2106; Hoo v Uribe, 248 AD2d 440; Gill v O.N.S. Trucking, 239 AD2d 463). In addition, the affirmations by the plaintiff's physician were insufficient to establish an issue of fact as to whether the plaintiff suffered a "permanent consequential limitation or use of a body organ or member", or a "significant limitation of use of a body function or system" as they did not provide any information concerning the nature of the plaintiff's medical treatment or any explanation for the more than five-year gap between the plaintiff's last medical treatment in April 1991 and his subsequent visit to the physician in November 1996 (see, Medina v Reis & Assocs., 239 AD2d 394; Marshall v Albano, 182 AD2d 614). Moreover, the plaintiff's self-serving, unsubstantiated allegation that he was totally incapacitated from running his business for a period of approximately six months following the accident is insufficient to establish a serious injury. Thus, the appellants were entitled to summary judgment (see, Licari v Elliott, 57 NY2d 230). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.