■ ELLEN LEBENFELD, Respondent, v CATHERINE TONER, Appellant, et al., Defendant. [673 NYS2d 929] —In an action to recover damages for personal injuries, the defendant Catherine Toner appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered March 28, 1997, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The appellant established a prima facie case that the plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d), thereby shifting the burden to the plaintiff to raise a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955). The plaintiff failed to sustain her burden. The affidavit of the plaintiff's chiropractor failed to indicate any objective basis upon which he determined the stated degrees of

limitation of motion allegedly suffered by the plaintiff, and was clearly tailored to meet the statutory requirements (see, Konkowski v Hoare, 240 AD2d 638; Wadi v Tepedino, 242 AD2d 327). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.