■ Florence Young, Plaintiff, and Janie Ramsey et al., Appellants, v Walter T. Ryan et al., Respondents. [697 NYS2d 150] —In an action to recover damages for personal injuries, the plaintiffs Janie Ramsey and Cynthia Manning appeal from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered August 8, 1997, which, upon an order of the same court dated May 5, 1997, granting the respective motions of the defendants for summary judgment dismissing the complaint insofar as asserted against them on behalf of the appellants on the ground that neither appellant sustained a serious injury within the meaning of Insurance Law § 5102 (d), dismissed the complaint insofar as asserted by the appellants and severed the action.

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court properly granted the respective motions of the defendants for summary judgment dismissing the complaint insofar as asserted against them by the appellants. The defendants established a prima facie case that neither appellant sustained a serious injury within the meaning of Insurance Law § 5102 (d) in the subject collision (*see, Gaddy v Eyler,* 79 NY2d 955). Thus, the burden shifted to the appellants to come forward with sufficient evidence that they sustained a serious injury (*see, Gaddy v Eyler, supra; Licari v Elliott,* 57 NY2d 230, 235; *Lopez v Senatore,* 65 NY2d 1017).

The appellants' evidence was insufficient. The unsworn medical reports which they submitted in opposition to the motions were inadmissible (*see, Grasso v Angerami,* 79 NY2d 813, 814; *Mobley v Riportella,* 241 AD2d 443, 444). With respect to the appellant Cynthia Manning, the affirmed report of Dr. Michael O. Sauter did not raise a triable issue of fact as to whether she sustained a serious injury. Without admissible evidence to support their claims of injuries, the appellants' respective affidavits, consisting merely of self-serving, subjective complaints of pain, were without probative value (*see, Rum v Pam Transp.,* 250 AD2d 751; *Lincoln v Johnson,* 225 AD2d 593; *Barrett v Howland,* 202 AD2d 383; *LeBrun v Joyner,* 195 AD2d 502).

The appellants' opposition papers contained an affirmation by the appellant Manning's treating chiropractor. This Court has held that affirmations by chiropractors which are not subscribed before a notary or other authorized official do not constitute evidence in admissible form (*see,* CPLR 2106; *Doumanis v Conzo,* 265 AD2d 296; *Rum v Pam Transp., supra; McNeil v Crutchley,* 250 AD2d 655; *Gill v O.N.S. Trucking,* 239 AD2d 463). The case of *Semler v Molinelli* (245 AD2d 363) is not to the contrary, as the affirmation by the plaintiff's chiropractor in that case was sworn to before a notary public. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.