■ MARIE LAVENTURE et al., Appellants, v WILLIAM McKAY et al., Respondents. [699 NYS2d 92] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Gerges, J.), dated December 3, 1998, which granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the appeal from so much of the order and judgment as granted summary judgment to the defendant William McKay is dismissed; and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondent Landis McKay is awarded one bill of costs.

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon his or her property, it must be established, *inter alia,* that a

defective condition existed (*see, Castellitto v Atlantic & Pac. Co.,* 244 AD2d 379, 380; *Thomas v Phillips,* 246 AD2d 531). In the instant case, the defendant Landis McKay established a prima facie case that she was entitled to judgment as a matter of law by demonstrating that no defective condition existed on the stairway where the injured plaintiff allegedly slipped and fell (*see, Murphy v Conner,* 84 NY2d 969, 971-972).

To defeat this prima facie showing, the plaintiffs were required to submit evidence, in admissible form, which demonstrated the existence of a defect on the stairway in issue. Here, the opinion of the plaintiffs' expert witness, an architect, was contained in an affirmation, which was not notarized. Architects are not among the people entitled to submit affirmations without appearing before a notary or other official authorized by law to administer oaths or affirmations (*see,* CPLR 2106; *Doumanis v Conzo,* 265 AD2d 296). Thus, this affirmation was not in admissible form and should not have been considered in opposition to the motion for summary judgment (*see, Rum v Pam Transp.,* 250 AD2d 751; *McNeil v Crutchley,* 250 AD2d 655, 656; *Gill v O.N.S. Trucking,* 239 AD2d 463). As the plaintiffs submitted no other evidence in opposition to the defendant's motion, they failed to raise a triable issue of fact as to whether a dangerous or defective condition existed. Thus, the Supreme Court properly awarded the defendant Landis McKay summary judgment.

The appeal from so much of the order as granted summary judgment to the defendant William McKay must be dismissed. Because that defendant died before the accident at issue occurred and the representative of his estate was not made a party to the action, the order appealed from is a nullity as to the decedent and this Court has no jurisdiction to entertain the appeal insofar as it relates to him (*see, e.g., Flaherty v Lynch,* 265 AD2d 376). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.