■ JUNE GARVEY et al., Appellants, v CYNTHIA L. RIELA, Respondent, et al., Defendant. [708 NYS2d 148] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Fredman, J.), entered June 18, 1999, which granted the motion of the defendant Cynthia L. Riela for summary judgment dismissing the complaint on the ground that the plaintiff June Garvey failed to sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by their brief, from so much of an order of the same court, entered September 23, 1999, as, in effect, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the order entered June 18, 1999, is dismissed, as that order was superseded by the order entered September 23, 1999, made upon reargument and renewal; and it is further,

Ordered that the order entered September 23, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant Cynthia L. Riela made a prima facie showing of entitlement to judgment as a matter of law (*see, Gaddy v Eyler,* 79 NY2d 955). With respect to the plaintiffs' claim that the plaintiff June Garvey suffered a significant limitation of use of her lumbosacral spine, the plaintiffs submitted the affirmation of a chiropractor, which did not constitute competent evidence (*see,* CPLR 2106; *Pichardo v Blum,* 267 AD2d 441; *Feintuch v Grella,* 209 AD2d 377). With respect to their claim that June Garvey suffers from posttraumatic stress disorder, the plaintiffs relied upon the medical report of a psychologist who examined June Garvey on behalf of Reila's insurer (*see, Conti v Valeriano,* 259 AD2d 655; *Pagano v Kingsbury,* 182 AD2d 268). However, this report failed to indicate any "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]).

In addition, June Garvey failed to demonstrate that she was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Buonaiuto v Shulberg,* 254 AD2d 384). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.