■ ANNA DAVIS et al., Respondents, v BRIGHTSIDE FIRE PROTECTION INC. et al., Appellants. [712 NYS2d 567] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 2, 1999, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Anna Davis did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that, the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established a prima facie case that the injuries sustained by the plaintiff Anna Davis were not serious, through the affirmed report of Dr. Alexander Afalonis (*see, Gaddy v Eyler,* 79 NY2d 955).

The only competent evidence which the plaintiffs submitted in opposition to the motion was an affidavit by a chiropractor, Dr. Shawn Sosnik, dated February 1, 1999. We initially note that the reliability of this affidavit is called into question by the deposition testimony of the injured plaintiff and an unsworn report of Dr. Marvin Sosnik which indicates that, in fact, she was examined by Marvin Sosnik and not Shawn Sosnik. In any event, the affidavit of Shawn Sosnik fails to raise a triable issue of fact (*see,* CPLR 3212 [b]). Notably, the affidavit does not provide any information concerning the nature of the injured plaintiff's medical treatment or any explanation for the lag of nearly five years between her last

medical treatment in approximately February 1994 and her subsequent visit to the treating chiropractor in January 1999 (*see, Marshall v Albano,* 182 AD2d 614).

Furthermore, Shawn Sosnik failed to set forth the objective tests, if any, he performed in January 1999 in arriving at his conclusions concerning any alleged restrictions in the injured plaintiff's range of motion (*see, Grossman v Wright,* 268 AD2d 79).

The injured plaintiff's claim that she was not able to perform her usual and customary daily activities for at least 90 of the 180 days immediately following the accident is without merit (*see,* Insurance Law § 5102 [d]). Her self-serving unsubstantiated allegation that she could not perform her usual household duties for a period of over 90 days following the accident was insufficient, standing alone, to establish that she sustained a serious injury (*see, Rum v Pam Transp.,* 250 AD2d 751). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.