■ HARVIE DANZY, JR., Appellant, v BRETT WOOD, Respondent. [716 NYS2d 806] —Crew III, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered February 7, 2000 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

On April 20, 1996, plaintiff allegedly sustained serious

injuries when the vehicle he was operating was struck from behind by a vehicle operated by defendant. As a consequence, plaintiff commenced this lawsuit in June 1997 alleging that he had sustained a serious injury as defined by Insurance Law § 5102 (d). In 1999, defendant successfully sought summary judgment on the ground that there were no material facts in dispute that would support a reasonable inference that plaintiff suffered a serious injury. This appeal ensued.

We affirm. Our review of the record reveals that defendant not only satisfied his initial burden of demonstrating that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955), but that plaintiff failed, in opposition, to establish a prima facie case of such injury (*see, Tankersley v Szesnat*, 235 AD2d 1010). The voluminous medical records contained in the record on appeal reveal that plaintiff injured his back on various occasions in 1971, 1981 and 1985 and has had severe and chronic back problems ever since. Additionally, plaintiff has suffered longstanding numbness and weakness in his legs and has been undergoing treatment and rehabilitation for his back injuries for over 10 years. The record further reflects that on December 23, 1995, plaintiff was involved in a serious motor vehicle accident resulting in injury to his back, neck, spinal column and both legs.

During the course of his treatment/rehabilitation for his prior back injuries and the 1995 motor vehicle accident, plaintiff had occasion to treat with Ahmad Sultan, a physiatrist, whose records reflect, *inter alia*, that on a March 21, 1996 visit, plaintiff was walking with a cane and had a history of bilateral leg pain commencing after his 1995 motor vehicle accident. Additionally, plaintiff evinced an absence of bilateral ankle reflexes and decreased left knee reflex, as well as weakness in the lower left leg. On an April 1, 1996 visit, Sultan recommended the use of a TENS unit for plaintiff's lower right leg. The record further reflects that four days after the April 20, 1996 motor vehicle accident, Sultan examined plaintiff, who was complaining of lower back pain as a result of said accident. Sultan's physical examination revealed some weakness in the right quadricep, a condition of longstanding duration according to prior medical records. Although Sultan noted an abrasion over the right knee, he otherwise found full range of motion in both of plaintiff's knees. Sultan continued to see plaintiff on a number of occasions thereafter without noting any complaints or objective findings concerning plaintiff's knees. It was not until 1999 that plaintiff complained of pain in his left knee and it was

discovered that he suffered from a medial meniscus tear, which required arthroscopic surgery. In opposition to defendant's motion for summary judgment, an affirmation of Sultan was submitted in which he opined that plaintiff suffered a 20% permanent loss of use of his right knee and 60% permanent loss of use of his left knee as the result of the 1996 motor vehicle accident and that the medial meniscus tear in the left knee was caused by said accident.

We agree with Supreme Court that at the time that Sultan initially saw plaintiff and on the subsequent visits through 1997, there was no objective medical evidence that plaintiff suffered any knee injuries associated with the April 20, 1996 accident, and Sultan's conclusory assertion to that effect some three years after the accident is insufficient to raise a triable issue of fact as to whether defendant caused the claimed injuries and disabilities (*see, Davis v Brightside Fire Protection*, 275 AD2d 298; *Graves v Liu*, 273 AD2d 440). To the contrary, all of the medical evidence in the record strongly suggests that plaintiff's present condition is the result of prior trauma and long-time degenerative arthritis (*see generally, Burnett v Zito*, 252 AD2d 879). Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Spain, Carpinello and Graffeo, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. Unlike the cases relied upon by the majority (*see, Davis v Brightside Fire Protection*, 275 AD2d 298; *Graves v Liu*, 273 AD2d 440), there is no question that plaintiff here suffered a "serious injury," to wit, a medial meniscus tear of the left knee. However, the majority does not find any evidence that such injury was caused by the motor vehicle accident on April 20, 1996 notwithstanding the fact that plaintiff's treating physician opined in his affidavit that plaintiff's injury was "a direct result of the motor vehicle accident on April 20, 1996." The majority labels this opinion a "conclusory assertion" and finds it insufficient to raise a triable issue of fact. I disagree and find the opinion of plaintiff's treating physician regarding causal relation sufficient to meet plaintiff's burden to defeat defendant's summary judgment motion. The trier of fact should determine the weight to be given to the testimony of plaintiff's medical expert after it is subjected to the crucible of cross-examination at a trial. Ordered that the order is affirmed, with costs.