■ LILLIAN KOWALSKY, Respondent, v MILYAS KHAN, Appellant. [719 NYS2d 666] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated January 20, 2000, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant's motion papers made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see, Gaddy v Eyler,* 79 NY2d 955). Thus, the burden shifted to the plaintiff to come forward with admissible proof that she sustained a serious injury (*see, Gaddy v Eyler, supra*; *Licari v Elliott,* 57 NY2d 230, 235; *Lopez v Senatore,* 65 NY2d 1017).

The plaintiff's evidence was insufficient to defeat the defendant's motion for summary judgment. The chiropractor's affirmation submitted by the plaintiff did not constitute competent evidence (*see, Cubero v DiMarco,* 272 AD2d 430; *Garvey v Riela,* 272 AD2d 519; *Young v Ryan,* 265 AD2d 547). Furthermore, the plaintiff's affidavit, which consisted merely of self-serving, subjective complaints of pain, was without probative value (*see, Young v Ryan, supra,* at 548; *Rum v Pam Transp.,* 250 AD2d 751). Bracken, Acting P. J., Santucci, Altman and Florio, JJ., concur.