■ RICHARD G. DOMINIQUE et al., Respondents, et al., Plaintiff, v ANTHONY J. PALATTELLA, Appellant. [722 NYS2d 404]

—In an action to recover damages for personal injuries and property damage, the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated January 6, 2000, which denied his motion, in effect, for partial summary judgment dismissing the complaint insofar as asserted by the plaintiffs Richard G. Dominique and Nora Hartmann on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted by Richard G. Dominique and Nora Hartmann, and the action insofar as asserted by the plaintiff Marla Dominique is severed.

Although the request for relief on the defendant's motion for summary judgment was to dismiss the entire complaint, his motion papers addressed only the causes of action asserted by the plaintiffs Richard G. Dominique and Nora Hartmann, which were to recover damages for personal injuries. We make no determination as to the cause of action asserted by the plaintiff Marla Dominique which was to recover for property damage (*see, Jimenez v Kambli,* 272 AD2d 581).

Contrary to the conclusion reached by the Supreme Court, the defendant established a prima facie case that the injured plaintiffs' injuries were not serious within the meaning of Insurance Law § 5102 (d) (*see, Goldin v Lee,* 275 AD2d 341; *Sainte-Aime v Ho,* 274 AD2d 569). Accordingly, it was incumbent on the injured plaintiffs to come forward with admissible evidence to raise an issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The injured plaintiffs failed to do so (*see, Young v Ryan,* 265 AD2d 547; *Frank v Jones,* 259 AD2d 517; *Gill v O.N.S. Trucking,* 239 AD2d 463; *Verrelli v Tronolone,* 230 AD2d 789). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.