■ DEBRA HOLMES, Appellant, v MARY A. HANSON et al., Respondents. [730 NYS2d 528] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Carter, J.), dated March

27, 2000, which granted the motion of the defendant Mary Ann Hanson, and the separate motion of the defendants Sunrise Limousine and Henry Attias, for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court, dated August 15, 2000, which denied her motion, in effect, for reargument.

Ordered that the appeal from the order dated August 15, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 27, 2000, is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

In support of the motions for summary judgment, the defendants submitted evidence that the plaintiff was suffering from degenerative disc disease and an associated degenerative disc bulge at C5-6, which was not related to any trauma. They also submitted the probative medical reports of an orthopedist and a neurologist prepared over three years after the subject accident which, upon physical examination, indicated that the plaintiff had suffered cervical and lumbar sprains, that the range of motion in her cervical and lumbar spines was good, and that she was not suffering from an orthopedic or neurological disability. Thus, the defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see, *Duldulao v City of New York,* 284 AD2d 296; *Villalta v Schechter,* 273 AD2d 299, 300; *Nisnewitz v Renna,* 273 AD2d 210; *Guzman v Michael Mgt.,* 266 AD2d 508; *Kosto v Bonelli,* 255 AD2d 557).

The evidence submitted by the plaintiff in opposition was insufficient to defeat the defendants' motions for summary judgment. The affirmation of the plaintiff's treating chiropractor did not constitute competent evidence (see, *Kowalsky v Khan,* 279 AD2d 556; *Cubero v DiMarco,* 272 AD2d 430; *Garvey v Riela,* 272 AD2d 519). Furthermore, the plaintiff's self-serving affidavit was without probative value (see, *Young v Ryan,* 265 AD2d 547; *Rum v Pam Transp.,* 250 AD2d 751).

The plaintiff's motion, denominated as one for renewal, was based on her treating chiropractor's affidavit. The chiropractor's opinion was known and available to the plaintiff at the time the original motions for summary judgment were made, and the plaintiff did not offer a reasonable excuse for her failure to

submit the affidavit in opposition to the original motions. Therefore, the plaintiff's motion was, in effect, one for reargument, the denial of which is not appealable (*see, Baciu v City Univ.,* 283 AD2d 447; *Muro v Bay Ready Mix & Supplies,* 282 AD2d 584; *Privitera v City of New York,* 277 AD2d 367; *Nisnewitz v Renna,* 273 AD2d 210). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.