■ JULIA HERNANDEZ et al., Appellants, v RODNEY LAPIDUS et al., Respondents, et al., Defendants. [763 NYS2d 492] —In an action to recover damages for personal injuries, the plaintiffs Julia Hernandez, Jose Ramos, and Noemi Funes appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered August 23, 2002, as granted the separate motions of the defendants Rodney LaPidus and Paul LaForgia for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Julia Hernandez and Noemi Funes on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Jose Ramos is dismissed, as that plaintiff is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants Rodney LaPidus and Paul LaForgia established their prima facie entitlement to summary judgment by submitting, among other things, affirmations by their examining physician which indicated that neither the plaintiff Julia Hernandez, nor the plaintiff Noemi Funes, sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Kallicharan v Sooknanan,* 282 AD2d 573 [2001]; *Santoro v Daniel,* 276 AD2d 478 [2000]). Thus, it was incumbent upon the appellants to come forward with admissible evidence sufficient to demonstrate the existence of an issue of fact (*see Gaddy v Eyler,* 79 NY2d 955 [1992]). The appellants failed to meet this burden (*see Monaco v Davenport,* 277 AD2d 209 [2000]; *Graves v Liu,* 273 AD2d 440 [2000]; *Young v Ryan,* 265 AD2d 547 [1999]; *Waaland v Weiss,* 228 AD2d 435 [1996]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.