In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated February 27, 2002, which granted the defendants’ respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is affirmed, with one bill of costs.
The defendants each made a prima facie showing that the injured plaintiff did not sustain a serious injury as a result of the subject accident within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 *417 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Varghese v Ehret, 305 AD2d 402 [2003]; McCauley v Ross, 298 AD2d 506, 506-507 [2002]; Holmes v Hanson, 286 AD2d 750, 751 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. The magnetic resonance imaging reports of the injured plaintiff’s radiologists did not constitute competent evidence (see Grasso v Angerami, 79 NY2d 813, 814-815 [1991]; Caldwell v Kellner, 200 AD2d 702 [1994]; Tatti v Cummings, 193 AD2d 596 [1993]). Furthermore, the injured plaintiffs self-serving allegations that she can no longer perform her daily duties and household chores were insufficient to raise a triable issue of fact as to whether she sustained a medically-determined injury of a nonpermanent nature which prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities (see Young v Ryan, 265 AD2d 547, 548 [1999]; Rum v Pam Transp., 250 AD2d 751 [1998]).
Furthermore, the Supreme Court properly declined to consider the physician’s affidavit improperly submitted by the plaintiff for the first time in a surreply (see CPLR 2214; Klimis v Lopez, 290 AD2d 538 [2002]; Voytek Tech. v Rapid Access Consulting, 279 AD2d 470, 471 [2001]). Florio, J.E, Krausman, Luciano, Townes and Rivera, JJ., concur.