■ PHYLLIS MOSER et al., Appellants-Respondents, v LAVI-POUR & COMPANY, INC, et al., Respondents-Appellants, and PRICE CHOPPER, INC., Respondent. (Appeal No. 1.) PHYLLIS MOSER et al., Plaintiffs, v LAVIPOUR & COMPANY, INC., et al., Respondents, and PRICE CHOPPER OPERATING Co., INC., Appellant, et al., Defendant. (Appeal No. 2.) [826 NYS2d 384]—

In an action to recover damages for personal injuries, etc., (1) (a) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 25, 2004, as granted that branch of the motion of the defendant Price Chopper Operating Co., Inc., and that branch of the separate motion of the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them and, in effect, denied their separate cross motion for summary judgment on the complaint insofar as asserted against the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, (b) the defendant Price Chopper Operating Co., Inc., separately appeals from so much of the same order as failed to decide that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, and (c) the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as, in effect, denied that branch of their cross motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against them, and (2) Price Chopper Operating Co., Inc., appeals, as limited by its brief, from so much of an order of the same court dated February 16, 2005, as, upon reargument, denied that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, and granted that branch of the cross motion of those defendants which was for summary judgment dismissing that cross claim.

Ordered that the appeal by the defendant Price Chopper Operating Co., Inc., from the order dated October 25, 2004, is dismissed (*see Katz v Katz,* 68 AD2d 536 [1979]); and it is further,

Ordered that the cross appeal by the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, from so much of the order dated October 25, 2004, as, in effect, denied that branch of their cross motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against them is dismissed, as that portion of the order was superseded by the order dated February 16, 2005, made upon reargument; and it is further,

Ordered that the order dated October 25, 2004, is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the order dated February 16, 2005, is reversed insofar as appealed from, on the law, and upon reargument, that branch of the motion of Price Chopper Operating Co., Inc., which was for summary judgment on its cross claim for contractual indemnification against the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, is granted, that branch of the cross motion of those defendants which was for summary judgment dismissing that cross claim is denied, and the matter is remitted to the Supreme Court, Dutchess County, for a determination of the amount of an attorney's fee, expenses, costs, and disbursements to be awarded on the cross claim for contractual indemnification against the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC; and it is further,

Ordered that one bill of costs is awarded to the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC, and the defendant Price Chopper Operating Co., Inc., appearing separately and filing separate briefs payable by the plaintiffs, and one bill of costs is awarded to the defendant Price Chopper Operating Co., Inc., payable by the defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC.

The injured plaintiff allegedly sustained personal injuries upon falling in the parking lot of a shopping center "when she stepped into a section of the sidewalk that had been made into a ramp for handicapped accessibility." The defendants Lavipour & Company, Inc., Lavipour & Company, LLC, and South Hills Mall, LLC (hereinafter collectively the Lavipour defendants), the owners of the shopping center, and the defendant Price Chopper Operating Co., Inc. (hereinafter Price Chopper Operating), the lessee of the abutting premises, demonstrated their

prima facie entitlement to judgment as a matter of law by demonstrating that the handicapped access ramp did not constitute a dangerous condition (*see Laventure v McKay,* 266 AD2d 516, 517 [1999]; *Castellitto v Atlantic & Pac. Co.,* 244 AD2d 379, 380 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Laventure v McKay, supra; Castellitto v Atlantic & Pac. Co., supra; see also Lugo v St. Nicholas Assoc.,* 18 AD3d 341, 342 [2005]). Therefore, the Supreme Court properly granted those branches of the separate motions of the Lavipour defendants and Price Chopper Operating which were for summary judgment dismissing the complaint insofar as asserted against them and properly denied the plaintiffs' cross motion for summary judgment on the complaint insofar as asserted against the Lavipour defendants.

However, the Supreme Court improperly, upon reargument, denied that branch of the motion of Price Chopper Operating which was for summary judgment on its cross claim for contractual indemnification against the Lavipour defendants to recover its defense costs and granted that branch of the cross motion of the Lavipour defendants which was for summary judgment dismissing that cross claim (*see Seney v Kee Assoc.,* 15 AD3d 383, 385 [2005]; *Dominguez v Food City Mkts.,* 303 AD2d 618, 620 [2003]). Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a determination of the amount of attorney's fees, expenses, costs, and disbursements, incurred by Price Chopper Operating in defending the action. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.