■ Jo-ELLEN RILEY, Respondent, v LAKE ROAD CONDOMINIUMS, Appellant. [849 NYS2d 602]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated October 31, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff tripped and fell while walking across the defendant's parking lot, when the heel of her boot became caught in a metal drainage grate. Alleging that the grate constituted a "dangerous and defective condition," she commenced the instant action against the defendant, seeking to recover damages for injuries she allegedly sustained as a result of the fall.

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of a dangerous or defective condition upon the landowner's property, the plaintiff must establish, among other things, that a dangerous or defective condition actually existed (*see Laventure v McKay*, 266 AD2d 516, 516-517 [1999]). Here, on its motion for summary judgment dismissing the complaint, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by providing evidence demonstrating that the grate did not constitute a dangerous or defective condition (*see Moser v Lavipour & Co., Inc.*, 35 AD3d 414, 415-416 [2006]; *Laventure v McKay*, 266 AD2d at 517). Since, in response, the plaintiff failed to raise a triable issue of fact, the Supreme Court should have granted the defendant's motion (*see Castellitto v Atlantic & Pac. Co.*, 244 AD2d 379, 380 [1997]). Santucci, J.P., Lifson, Covello and McCarthy, JJ., concur.