OPINION OF THE COURT
Colleen D. Duffy, J.
On July 11, 2012, defendant Christian E was charged with assault in the third degree (Penal Law § 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]), arising out of an incident on July 10, 2012.
On August 13, 2012, defendant filed an omnibus motion seeking suppression of statements on the grounds that they were obtained in violation of defendant’s constitutional rights, or, in the alternative, granting a hearing as to the admissibility of the statements. The defendant also seeks to have the court preclude the People from using at trial evidence of prior arrests or criminal convictions, bad acts, and prior uncharged criminal, vicious, or immoral conduct and to preclude the People from cross-examining him at trial on any prior arrests, convictions, or any uncharged criminal, vicious or immoral conduct of which the People may be aware. In addition, defendant seeks to have the court preclude the use at trial by the People of any statements or identifications which were not properly noticed pursuant to CPL 710.30 (1). Finally, defendant seeks to have the court preclude the People from introducing at trial evidence not supplied in response to defendant’s request for a bill of particulars and demand to produce and seeks to reserve the right to make additional motions.
*243 In support of defendant’s omnibus motion, defendant submitted a notice of motion signed by a law graduate not yet admitted to the bar. Beneath the law graduate’s signature on the notice of motion is, in typeface, “STEVEN BANKS, ESQ., Attorney for Defendant, THE LEGAL AID SOCIETY” and an address for same. No attorney signature appears on the document nor indication of an attorney supervisor. In addition to the notice of motion, defendant submitted a document purporting to be the affirmation of the law graduate. The document contains the language of an affirmation — “affirms under penalty of perjury” — with respect to the truth and accuracy of the document.
On September 13, 2012, the People filed an opposition to the motion.
For the reasons set forth below, defendant’s motion is denied without prejudice.
Relevant Rules and Orders
The Rules of the Chief Administrator of the Courts, applicable to all cases, civil and criminal, require that every pleading and written motion served on another party or filed or submitted to the court must be signed by an attorney, or by a party if the party is not represented by an attorney. (22 NYCRR 130-1.1a.) The court must strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney or party, absent good cause shown. (Id.)
Pursuant to a January 12, 2012 order of the Appellate Division, First Department (practice order), law graduates who have not yet been admitted to the bar may represent and advise clients of the Legal Aid Society in criminal matters, and may appear in court on behalf of such clients,[1] under the supervision of the Legal Aid Society. (See practice order, Matter of The Legal Aid Society 11 3 [b] [Jan. 12, 2012].) In addition, such law graduates may “perform all duties, functions and responsibilities of attorneys in the conduct of the foregoing activities, including . . . drafting documents, briefs and memoranda of law . . . under the supervision of a [Legal Aid] Society staff attorney.” *244 (Id. 1f 3 [f].) All submissions to a court made pursuant to the practice order must be signed by counsel for the Legal Aid Society, who must be an admitted attorney. (Id. 1Í10.)
Conclusions of Law
Defendant’s omnibus motion is denied without prejudice.
The court cannot consider the proffered notice of motion as it fails to comply with the requirements of rule 130-1. la of the Rules of the Chief Administrator of the Courts, in that it is not signed by an attorney. It also fails to comply with the practice order, in that it is not signed by an attorney with the Legal Aid Society, as supervisor of the law graduate. Upon submission, on or before November 13, 2012, of a properly signed notice of motion, this court will consider defendant’s requests for relief.[2]
In addition, the purported “affirmation” of the law graduate is deficient on its face. Pursuant to CPLR 2106, only the affirmation of an attorney, admitted to practice in New York, or of an osteopath, physician or dentist, authorized by law to practice in the state, may be served and filed in lieu of an affidavit. (See Laventure v McKay, 266 AD2d 516, 517 [2d Dept 1999] [architects are not among those entitled to submit affirmations]; Pichardo v Blum, 267 AD2d 441, 442 [2d Dept 1999] [affirmation of chiropractor is not admissible].)
The court notes that the practice order governing the scope of the activities a law graduate may perform under the supervision of a Legal Aid Society attorney contains no provision for law graduates executing affirmations. Indeed, the practice order expressly provides that submissions to the court must be signed by an attorney. (Practice order 1f 10.)
Although a sister court in 1982, in Matter of Breece v State of New York (105 Misc 2d 765, 766 [Ct Cl 1980]), denied a motion to dismiss when the party opposing the motion had submitted an affirmation of a law graduate practicing pursuant to a 1980 order of the Appellate Division, this court does not adopt the holding of that case. In Breece, the court reasoned that since the penalty for falsely swearing an affirmation is the same as that for false affirmation, and since the added sanction of disciplin *245 ary proceedings applicable to an attorney is paralleled by the moral scrutiny to which bar applicants are subject, the practice order then in effect should be construed to also permit law graduates to use affirmations. (105 Misc 2d at 766.)
As well reasoned as the decision in Breece is for the principle of extending the right to file affirmations to practicing law graduates, this court is not permitted to ignore the unambiguous language of the legislature in CPLR 2106 and substitute its own judgment (or that of its sister court) to expand the group of individuals exempt from filing affidavits submitted to the court. (Montgomery v Daniels, 38 NY2d 41, 56 [1975] [court should not substitute its judgment for that of the legislature]; Matter of K.L., 1 NY3d 362, 374 [2004] [as long as statute satisfies constitutional requirements, court must not substitute its judgment for that of legislature].)
The legislature has specifically delineated those individuals who are exempt from the requirements of submitting formal affidavits to the court. (CPLR 2106.) Despite the 30 plus years since Breece was decided, the legislature has not amended CPLR 2106 to include law graduates within its ambit. {See Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2106 at 816 [despite repeated calls to expand scope of those who may submit affirmations, legislature has not amended CPLR 2106].)
Accordingly, defendant’s submission of an unsigned statement of a law graduate affirming the truth of the statement is statutorily deficient.

. Pursuant to the practice order,
“no graduate will appear unaccompanied by an attorney until such time as that graduate has shown sufficient expertise and experience in the opinion of the supervising attorney to appear in the action or proceeding on his or her own, and only after disclosing this to the client and obtaining the permission of the court.” (See order, Matter of The Legal Aid Society 1f 5 [Jan. 12, 2012].)

. The court notes that the proffered notice of motion does not comply with the requirements of rule 130-1.la, or with the requirements of the practice order. The law graduate has not indicated that he is an admitted attorney; accordingly, he may not sign as such. (Weir v Slocum, 3 How Prac 397 [1848] [a nonlawyer may not act as agent for an attorney, and may not sign where attorney’s signature is required].)