Rojecki v Genting N.Y., LLC (2019 NY Slip Op 07431)





Rojecki v Genting N.Y., LLC


2019 NY Slip Op 07431


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-11750
 (Index No. 604860/16)

[*1]John Rojecki, appellant, 
v
Genting New York, LLC, etc., respondent.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (David A. Craven and E. David Woycik, Jr., of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Joshua Cash and Stacey L. Seltzer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered August 20, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell on the painted lines of a crosswalk located in a parking lot on the defendant's property. The plaintiff testified at his deposition that it had stopped raining approximately half an hour before the accident, and that the ground was wet at the time of his fall. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
In order for a landowner to be liable in tort to a plaintiff who is injured as a result of a dangerous or defective condition upon the landowner's property, the plaintiff must establish that a dangerous or defective condition actually existed, and that the defendant either created the defect or had actual or constructive notice of it (see Riley v Lake Rd. Condominiums, 47 AD3d 697, 698; Medina v Sears, Roebuck & Co., 41 AD3d 798). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the painted lines of the crosswalk on which the plaintiff allegedly slipped did not constitute a dangerous or defective condition (see Grinberg v Luna Park Hous. Corp., 69 AD3d 793; Riley v Lake Rd. Condominiums, 47 AD3d at 698).
To defeat a defendant's prima facie showing that no dangerous or defective condition existed on its property, a plaintiff is required to submit evidence, in admissible form, which demonstrates the existence of a dangerous condition or defect (see Laventure v McKay, 266 AD2d 516, 517). Here, in opposition to the defendant's prima facie showing, the plaintiff raised a triable issue of fact as to whether the painted lines constituted a dangerous or defective condition (see Zuckerman v City of New York, 49 NY2d 557, 562). The plaintiff submitted the affidavit of his [*2]expert, who opined that the painted surface was "non-slip" when dry, but became very slippery when wet. The plaintiff's expert further opined that when coatings are applied in an area where people are expected to walk, particularly areas exposed to wet conditions, either sand is added to provide traction or a coating that is slip resistant under wet conditions is used. He also noted that in other areas of the parking lot where the accident occurred, a different coating was used, and that coating was slip resistant under wet conditions.
Moreover, contrary to the defendant's contention, it failed to establish, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence (see Perez v Wendell Terrace Owners Corp., 150 AD3d 1162; Hill v Fence Man, Inc., 78 AD3d 1002).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court