■ GLENDORA, Appellant, v LYDIA GALLICANO et al., Respondents. [615 NYS2d 44] —In an action, inter alia, to recover

damages for breach of contract and breach of an implied warranty of habitability, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered November 4, 1992, which, *inter alia,* granted the defendants' cross motion for summary judgment dismissing the plaintiff's complaint, and denied the plaintiff's motion for leave to enter a default judgment, and (2) an order of the same court, entered November 4, 1992, which denied the plaintiff's motion for leave to pay rent into the court.

Ordered that the orders are affirmed, with one bill of costs.

The complaint was properly dismissed. The plaintiff failed to acquire personal jurisdiction over the defendants, since she failed to exercise "due diligence" in attempting to serve the defendants personally pursuant to CPLR 308 (1), or serving a person of suitable age and discretion pursuant to CPLR 308 (2). Further, the defendant did not attempt to affix the summons as required by CPLR 308 (4). Leaving the summons and complaint in the vestibule of a building or slipping them through a mail slot or under a door is insufficient *(see, Werner v Schweit,* 138 AD2d 592).

In addition, we find that the complaint fails to state any cause of action other than the one based on breach of contract against the defendant landlords *(see,* CPLR 3211 [a] [7]). Although a cause of action has been stated, the plaintiff's conclusory allegations concerning her breach of contract causes of action are insufficient to defeat the defendants' motion for summary judgment. It is well established that "one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" or demonstrate a reasonable excuse for failing to do so; "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York,* 49 NY2d 557, 560). By failing to provide a copy of the lease or any other admissible evidence to substantiate her breach of contract claim, the plaintiff has failed to meet this burden.

In view of our determination, the plaintiff's motion for leave to pay rent into court was moot.

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.