■ MICHAEL J. ROMANO, Formerly Known as MICHAEL J. MELLO, et al., Respondents, v BROOKLYN UNION GAS COMPANY et al., Appellants. [672 NYS2d 771] —In an action to recover damages for personal injuries and wrongful death, etc., the defendant Brooklyn Union Gas Company appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 8, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Peter Paradiso and Lynn Paradiso separately appeal from the same order.

Ordered that the appeal by defendants Peter Paradiso and Lynn Paradiso is dismissed for failure to timely perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order·is reversed insofar as appealed from by the defendant Brooklyn Union Gas Company, on the law, the motion by Brooklyn Union Gas Company for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and the action against the remaining defendants is severed; and it is further,

Ordered that the Brooklyn Union Gas Company is awarded one bill of costs payable by plaintiffs.

On June 3, 1989, the decedent suffered serious injuries, resulting in his death, during an explosion and fire in his apartment. The plaintiffs commenced this action against the decedent's landlords, Peter Paradiso and Lynn Paradiso, and Brooklyn Union Gas Company (hereinafter Brooklyn Union), alleging that the explosion was caused by a gas leak in a pipe installed by a plumber hired by the landlords and running from the house to a gas barbeque in the backyard.

There is no dispute that Brooklyn Union was never notified as to the existence of a gas leak at the premises, was not involved in the installation of the barbeque gas line, and was not obligated to maintain that line. Thus, even assuming that the gas leak caused the explosion, there is no issue of fact as to Brooklyn Union's liability, and it is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it (see, Reid v Westchester Light. Co., 236 NY 322; Famularo v Havasi, 221 AD2d 587; Mittendorf v Brooklyn Union Gas Co., 195 AD2d 449; see also, Butti v Rollins, 133 AD2d 205). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.