■ ALLEN CLARKE, Appellant, v BROOKLYN UNION GAS COMPANY et al., Respondents, et al., Defendant. (Action No. 1.) ERIC BROWN, Plaintiff, v BROOKLYN UNION GAS COMPANY et al., Defendants. (Action No. 2.) DOROTHY McLEOD et al., Appellants, v BROOKLYN UNION GAS COMPANY, Respondent, et al., Defendants. (Action No. 3.) [747 NYS2d 581]

The McLeod defendants demonstrated their entitlement to summary judgment by presenting evidence that, inter alia, they neither smelled any gas in the house nor worked on the heater. As Clarke merely speculated that the McLeod defendants caused the alleged injury-causing condition (*see Johnson v Sniffen,* 265 AD2d 304; *Davis v City of New York,* 255 AD2d 356), and failed to present any evidence in admissible form that they had actual or constructive notice of the condition (*see Wozniak v Filler,* 245 AD2d 444; *Mittendorf v Brooklyn Union Gas Co.,* 195 AD2d 449), the Supreme Court properly granted summary judgment to the McLeod defendants.

Brooklyn Union also established its entitlement to summary judgment by furnishing evidence that it neither created nor had notice of any alleged dangerous condition. Clarke and the McLeod plaintiffs failed to raise triable issues of fact regarding Brooklyn Union's liability, in that they failed to demonstrate that it had notice of a gas leak (*see Mittendorf v Brooklyn Union Gas Co., supra*) or of an alleged defect in the shut-off valve it allegedly failed to inspect (*see Bell v Brooklyn Union Gas Co.,* 193 App Div 669; *Doster v Binghamton Gas Works,* 197 Misc 810). In addition, since the McLeod plaintiffs failed to submit the "Parts Protection Plan" purportedly covering the shut-off valve, they failed to substantiate their claim that Brooklyn Union breached a contractual duty to inspect and replace the

valve (*see generally Glendora v Gallicano*, 206 AD2d 454). In any event, the purported expert affidavit of the McLeod plaintiff's engineer, which was not notarized, was inadmissible (*see* CPLR 2106; *Laventure v McKay*, 266 AD2d 516; *Doumanis v Conzo*, 265 AD2d 296; *Rum v Pam Transp.*, 250 AD2d 751), and therefore was insufficient to establish that the shut-off valve was defective. Accordingly, Brooklyn Union was also properly granted summary judgment (*see Romano v Brooklyn Union Gas Co.*, 250 AD2d 663).

The parties' remaining contentions are either academic, improperly before this Court, or without merit. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.