■ CHRIS RUPP et al., Respondents, v CITY OF PORT JERVIS, Appellant, et al., Defendant. [780 NYS2d 766]—

In an action to recover damages for personal injuries, etc., the defendant City of Port Jervis appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered October 15, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiffs' cross motion for leave to amend their notice of claim and complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant contends that it cannot be held liable for the alleged sidewalk defect since it did not receive written notice of the defect prior to the occurrence as required by Port Jervis City Charter § C11-2. In support of its motion, the appellant submitted, inter alia, an unnotarized, undated statement from the City Clerk, stating that he "conducted a search of records maintained by the City with respect to any written complaints or written notice pertaining to any alleged defective sidewalk condition or the need for repairs at the location now given as 24-32 Front Street in the City of Port Jervis" for the period prior to the accident, "and found that none exists." This statement was insufficient to establish the appellant's entitlement to judgment as a matter of law on the issue of notice (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Clarke v Brooklyn Union Gas Co., 297 AD2d 779 [2002]).

In any event, the plaintiffs argued that an exception to the prior written notice rule applies on the ground that the appellant created the allegedly defective condition (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). Under the particular facts of this case, summary judgment on this issue would have been premature since substantial discovery remained outstanding (see CPLR 3212 [f]; Rengifo v City of New York, 7 AD3d 773 [2004]; Yadgarov v Dekel, 2 AD3d 631 [2003]).

In addition, the Supreme Court properly granted the plaintiffs

leave to amend their notice of claim and complaint to state the correct location where the accident allegedly occurred. At the hearing pursuant to General Municipal Law § 50-h, the plaintiffs submitted photographs of the location of the accident and the injured plaintiff identified the site of the accident on one of the photographs. There was no evidence that the appellant suffered prejudice (*see* General Municipal Law § 50-e [6]; *D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Miller v New York City Tr. Auth.*, 6 AD3d 405 [2004]; *Matter of Barrios v City of New York*, 300 AD2d 480 [2002]; *Herrera v City of New York*, 211 AD2d 759 [1995]).

The appellant's remaining contentions are without merit. Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.