■ RIVKA GOLDBERGER et al., Respondents, v VILLAGE OF KIRYAS JOEL, Appellant, et al., Defendants. [818 NYS2d 580]—

In an action, inter alia, to recover damages for personal injuries, the defendant Village of Kiryas Joel appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated August 12, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it and, in effect, denied that branch of its motion which was for leave to amend its answer to include the affirmative defense of lack of prior written notice.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant, Village of Kiryas Joel, contends that it cannot be held liable for the alleged sidewalk defect on the ground that it did not receive written notice of the defect before the occurrence as required pursuant to Village Law § 6-628 (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511 [2005]; *Ganzenmuller v Incorporated Vil. of Port Jefferson,* 18 AD3d 703 [2005]; *Eidlisz v Village of Kiryas Joel,* 302 AD2d 558 [2003]). The proof relied upon by the Village, the deposition testimony of the Village's Superintendent of the Department of Public Works, who testified, "I conducted a search if there's any notices. I didn't find any," and the unsworn letter from the Village Administrator, was insufficient to establish its entitlement to judgment as a matter of law pursuant to CPLR 3212 (b) that it did not have prior written notice of the defective sidewalk condition which caused the fall of the plaintiff Rivka Goldberger (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Rupp v City of Port Jervis,* 10 AD3d 391 [2004]; *Clarke v Brooklyn Union Gas Co.,* 297 AD2d 779 [2002]).

The Village's remaining contentions are without merit. Adams, J.P., Goldstein, Mastro and Covello, JJ., concur.