(November 20, 2007)

■ ALLSTATE INSURANCE COMPANY, as Subrogee of DORIS MARTINSON, Respondent, v JOSEPH PERSAMPIRE, Appellant, et al., Defendant. [846 NYS2d 288]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant Joseph Persampire appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 3, 2007, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

Allstate Insurance Company (hereinafter Allstate) insured Doris Martinson under an automobile insurance policy. On July 8, 2005 Martinson was involved in a two-vehicle automobile accident in which her vehicle sustained damage. On the date of the accident, the other vehicle, a 1972 Buick, was allegedly owned by the defendant Joseph Persampire and operated by the defendant Jesse McMahon. Pursuant to the policy, Allstate paid Martinson the sum of $15,105.66. Allstate, as Martinson's subrogee, commenced this action against Persampire and McMahon seeking to recover from them the money it paid to Martinson under the policy. Persampire moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that he was not the owner of the 1972 Buick on the date of the accident, and thus not subject to vicarious liability.

Contrary to Persampire's contentions, the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted him. He failed to tender evidence demonstrating, prima facie, that he was not the owner of the 1972 Buick within the meaning of Vehicle and Traffic Law §§ 128 and 388 (1) (see Litvak v Fabi, 8 AD3d 631, 632 [2004]; cf. Estate of Zimmerman v Mitsubishi Motors Credit of Am., Inc., 34 AD3d 628 [2006]; Spratt v Sloan, 280 AD2d 465, 466 [2001]). Persampire's conclusory affidavit claiming that he had transferred ownership of the 1972 Buick to McMahon on June 25, 2005, supported only by a handwritten, undated, and unnotarized statement purportedly from McMahon, was insuf-

ficient to demonstrate a prima facie entitlement to judgment as a matter of law (see *Goldberger v Village of Kiryas Joel,* 31 AD3d 496, 497 [2006]; *Rupp v City of Port Jervis,* 10 AD3d 391, 392 [2004]; *Spodek v Feibusch,* 267 AD2d 299, 300 [1999]).

The failure of Persampire to make a prima facie showing of entitlement to judgment as a matter of law requires denial of the motion regardless of the sufficiency of the opposing papers (see *Lesocovich v 180 Madison Ave. Corp.,* 81 NY2d 982, 985 [1993]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Fabish v Garden Bay Manor Condominium,* 44 AD3d 820 [2007]). Goldstein, J.P., Skelos, Fisher and Dillon, JJ., concur.