■ MICHELE JOHNSON, Appellant-Respondent, v BARTOLO PELORO et al., Respondents, and UNIVERSITY PHYSICIANS GROUP, P.C., Respondent-Appellant, et al., Defendants. [880 NYS2d 129]—

In an action, inter alia, to recover damages for medical malpractice and negligence, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated April 30, 2007, as granted that branch of the motion of the defendants Bartolo Peloro, Joseph Buono, Lawrence Langan, and University Physicians Group, P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Bartolo Peloro, and, in effect, denied that branch of her cross motion which was to preclude the defendants Richard Lucente and University Physicians Group, P.C., from limiting their liability pursuant to CPLR article 16 based on the acts or omissions of the defendant Joseph Buono, and the defendant University Physicians Group, P.C. cross-appeals, as limited by its brief, from stated portions of the same order, which, among other things, denied that branch of the motion of the defendants Bartolo Peloro, Joseph Buono, Lawrence Langan, and University Physicians Group, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to preclude the defendants Richard Lucente and University Physicians Group, P.C., from limiting their liability pursuant to CPLR article 16 based on the acts or omissions of the defendant Joseph Buono, and substituting therefor

a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the motion of the defendant University Physicians Group, P.C. (hereinafter University Physicians), Bartolo Peloro, Joseph Buono, and Lawrence Langan (hereinafter collectively the University Physicians defendants) which was for summary judgment dismissing the complaint insofar as asserted against Peloro. Although the Supreme Court incorrectly concluded that the University Physicians defendants established that Peloro was not in a physician-patient relationship with the decedent (*cf. United Calendar Mfg. Corp. v Huang*, 94 AD2d 176, 179 [1983]), the University Physicians defendants nevertheless demonstrated their entitlement to judgment as a matter of law by establishing that, in recommending that the decedent consult a gastroenterologist, Peloro rendered appropriate care to the decedent (*see Williams v Sahay*, 12 AD3d 366, 368 [2004]). The plaintiff's medical experts' affirmations failed to raise a triable issue of fact as to whether Peloro did not render appropriate care to the decedent (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

In addition, the Supreme Court properly denied that branch of the motion of the University Physicians defendants which was for summary judgment dismissing the complaint insofar as asserted against University Physicians. Contrary to the University Physicians defendants' contention, the determination that Peloro is entitled to summary judgment does not necessitate the same conclusion as to University Physicians, because the plaintiff's allegations concerning University Physicians' liability are not predicated upon Peloro's conduct, but rather, are predicated upon the allegedly improper failure of the staff of University Physicians to convey Peloro's referral to the decedent (*see Collins v New York Hosp.*, 49 NY2d 965, 967 [1980]). Furthermore, the University Physicians defendants failed to demonstrate that the referral was actually conveyed to the decedent (*cf. Allstate Ins. Co. v Persampire*, 45 AD3d 706, 706-707 [2007]; *Goldberger v Village of Kiryas Joel*, 31 AD3d 496, 497 [2006]).

The plaintiff cross-moved to preclude any defendants remaining in the action after adjudication of the summary judgment motions from asserting the benefits of CPLR article 16 with respect to the acts or omissions of the defendants that were awarded summary judgment. The Supreme Court granted the plaintiff's cross motion, which was unopposed, to the extent of precluding University Physicians and the defendant Richard

Lucente from asserting the benefits of CPLR article 16 with respect to the acts or omissions of Peloro and Langan, who were awarded summary judgment. However, under the circumstances of this case, the Supreme Court should also have precluded University Physicians and Lucente from asserting the benefits of CPLR article 16 with respect to the acts or omissions of Buono, who was also awarded summary judgment.

The parties' remaining contentions are without merit. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.