■ CYNTHIA EKELAND, Appellant, v CITY OF NEW YORK, Respondent. [709 NYS2d 617] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated November 4, 1999, which, upon a jury verdict, and upon the denial of her motion to set aside the verdict and for a new trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff testified that she fell at the curb of the southeast corner of the intersection of Queens Plaza South and 21st Street in Long Island City, Queens, as she was about to enter the roadway and proceed across 21st Street. She alleged and offered some proof to show that her fall was caused by a defective curb at that corner. The defendant introduced some proof that, instead, the plaintiff fell when she stepped into the street, started to cross, changed her mind, and then moved backwards towards the sidewalk. As she did so, she tripped on a sewer grating in the street, and fell. The plaintiff did not allege that the grating caused her fall.

It is well settled that a verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). There was evidence from which the jury could have concluded that the accident was caused by the sewer grating and not by the defective curb as alleged by the plaintiff. If so, there is a reasonable basis for the jury's finding that while the defendant was negligent with respect to maintaining the curb, that negligence was not a proximate cause of the plaintiff's accident. The jury was entitled to credit the defendant's proof and discredit that of the plaintiff (*see, Keegan v Prout,* 215 AD2d 629; *Nicastro v Park, supra*).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Thompson, S. Miller and Florio, JJ., concur.