■ SUZANNE GERBER, Respondent, v ROBERT ROSENFELD, Appellant. [822 NYS2d 312]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated January 25, 2005, as granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 to set aside a verdict on the issue of liability in his favor and against the plaintiff as against the weight of the evidence and for a new trial.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial is denied, and the verdict is reinstated.

The plaintiff alleges that she slipped and fell on a slippery, soapy substance on a sidewalk in front of a Wendy's restaurant owned by the defendant in the Forest Hills section of Queens. According to the plaintiff, two individuals witnessed the accident, including an employee of the defendant named Romeo Adames, who was hosing down the sidewalk with water at the time of the occurrence. The plaintiff also observed a jug on the sidewalk containing a green liquid, which she took home with her and retained for "[m]aybe a year" before discarding it. The plaintiff explained that the jug did not have a lid when she found it, that she never bothered to find a lid for the jug, and that, in its uncovered condition, its contents would spill into the cabinet where it was stored, creating a nuisance for her. A sample of the liquid, which had been subsequently placed in a smaller bottle, was introduced into evidence at trial.

The plaintiff further acknowledged in her testimony that she never saw Adames clean the sidewalk with any substance besides water and specifically never observed him apply to the sidewalk the green substance contained in the jug. The defendant owner of the restaurant testified that he never instructed Adames to use a cleaning fluid when he cleaned the sidewalk.

Adames also testified at trial that he did not use any cleaning solution to clean the sidewalk. However, in the order appealed from, the Supreme Court struck his testimony as incredible as a matter of law, and the defendant has not appealed from that portion of the order. Accordingly, we do not consider his testimony in rendering our determination.

" '[T]he standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence' " (*Harris v Marlow*, 18 AD3d 608, 610 [2005], quoting *Torres v Esaian*, 5 AD3d 670, 671 [2004]). Since a fair interpretation of the evidence supported the jury's verdict that the plaintiff's injuries were not proximately caused by the defendant's negligence, the Supreme Court erred in setting aside that verdict.

Notably, there was an absence of any evidence at trial that the defendant's employee applied a slippery liquid to the sidewalk and indeed an absence of any corroborating evidence that a jug containing a soapy liquid was present on the sidewalk

in close proximity to Adames or that the liquid introduced into evidence at trial originated in the jug. Moreover, the defendant testified that he never instructed his employee to use a cleaning fluid on the sidewalk.

The plaintiff's contention on appeal that the verdict should be set aside on the ground that the court failed to charge the jury with PJI3d 2:90 (2006) is not properly before this Court, as it was not raised in the plaintiff's motion before the Supreme Court. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.