■ Louis Gomez, Respondent-Appellant, v David Minkin Residence Housing Development Fund Company, Inc., Appellant-Respondent. [927 NYS2d 117]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 1, 2010, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when he fell on an exterior front stairway located on premises owned by the defendant. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment in his favor on the issue of liability. The Supreme Court denied the motion and the cross motion. We reverse the order insofar as appealed from.

To demonstrate its entitlement to summary judgment in a slip-and-fall case, a defendant must establish, prima facie, that it did not create the condition that allegedly caused the fall or have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Gill v Town of N. Hempstead*, 83 AD3d 777 [2011]; *Molloy v Waldbaum, Inc.*, 72 AD3d 659, 660 [2010]; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949 [2009]; *Holub v Pathmark Stores, Inc.*, 66

AD3d 741, 742 [2009]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]). Here, the defendant established, prima facie, its entitlement to judgment as a matter of law by offering evidence that it neither created nor had actual or constructive notice of any dangerous conditions on the stairway (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Joseph v New York City Tr. Auth.*, 66 AD3d 842 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Although the plaintiff's expert asserted that the stairway violated various provisions of the Administrative Code of the City of New York, the plaintiff failed to raise a triable issue of fact as to whether those alleged violations contributed to his fall (*see Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199 [2011]). Moreover, contrary to the plaintiff's assertion, the stairway did not require a center handrail (*see Gaston v New York City Hous. Auth.*, 258 AD2d 220 [1999]; *cf.* Administrative Code of City of NY § 27-376), and the mere fact that the exposed stairway was wet from the rain is insufficient to establish a dangerous condition (*see Joseph v New York City Tr. Auth.*, 66 AD3d at 843; *King v New York City Tr. Auth.*, 266 AD2d 354 [1999]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.