■ VIRIDIANA GONZALEZ, Appellant, v NATICK NY FREEPORT REALTY CORP. et al., Respondents. [935 NYS2d 902]—

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she slipped and fell on a sewer grate as she was exiting her motor vehicle in the defendants' parking lot. Alleging that she was injured due to an "unsafe, dangerous and defective condition" in the defendants' parking lot, she commenced this action against the defendants to recover damages for injuries she sustained as a result of the fall.

To impose liability upon the defendants for the plaintiff's fall, there must be evidence tending to show, inter alia, the existence of a dangerous or defective condition (*see Penn v Fleet Bank*, 12 AD3d 584 [2004]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Brown-Phifer v Cross County Mall Multiplex*, 282 AD2d 564 [2001]). In support of that branch of their motion

which was for summary judgment dismissing the complaint, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by providing, among other things, the affidavit of the defendants' loss prevention manager and photographs of the accident site demonstrating that the sewer grate and pavement where the plaintiff fell did not constitute a dangerous or defective condition (*see Riley v Lake Rd. Condominiums*, 47 AD3d 697 [2008]; *Scarpinito v Pathmark Stores, Inc.*, 26 AD3d 322 [2006]; *Ekeland v City of New York*, 273 AD2d 345 [2000]; *see also Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]). In opposition, the plaintiff failed to come forward with any evidence sufficient to raise a triable issue of fact as to the existence of a dangerous or defective condition (*see Riley v Lake Rd. Condominiums*, 47 AD3d at 698; *Scarpinito v Pathmark Stores, Inc.*, 26 AD3d at 323; *Sanchez v City of New York*, 305 AD2d 487 [2003]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Skelos, J.P., Hall, Austin and Miller, JJ., concur.