In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated May 26, 2011, which denied its motion for summary judgment dismissing the complaint.
*1077 Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly slipped and fell on a wet substance on a polyurethane-coated staircase landing. He commenced this action against the defendant, the property owner, alleging that the polyurethane-coated landing, when wet, was unusually dangerous.
A property owner has a duty to maintain his or her premises in a reasonably safe condition (see e.g. Basso v Miller, 40 NY2d 233, 241 [1976]). To impose liability on the defendant for the plaintiffs fall, there must be evidence tending to show the existence of a dangerous condition (see Gonzalez v Natick NY Freeport Realty Corp., 91 AD3d 597 [2012]; Walsh v Super Value, Inc., 76 AD3d 371, 375 [2010]).
The defendant established, prima facie, that the polyurethane-coated staircase landing did not constitute a dangerous condition by submitting, inter alia, an affidavit from a licensed mechanical engineer (see Poelker v Swan Lake Golf Corp., 71 AD3d 857, 858 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.