12-1218-cv
Saltz v. Wal-Mart

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York  the 4th day of February,  two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                       *Circuit Judges*.
_____

WILLIAM SALTZ,

                         *Plaintiff-Appellant*,

              -v-                                          12-1218-cv

WAL-MART STORES INC.,

                         *Defendant-Appellee*.
_____

Appearing for Appellant:     Jonathan Silver, Kew Gardens, N.Y.

Appearing for Appellee:      Patricia O'Connor, Brody, O'Connor & O'Connor, Esqs.,
                             Northport, N.Y.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

William Saltz appeals from the March 8, 2012 judgment following granting Wal-Mart Stores Inc.'s motion for summary judgment and dismissing his complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"To establish a prima facie case of negligence under New York law, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (citation and internal quotation marks omitted). "While a landowner who holds property open to the public has a general duty to maintain the property in a reasonably safe condition to prevent foreseeable injuries, this duty extends only to conditions that are not readily observable." *Russell v. Archer Bldg. Centers Inc.*, 641 N.Y.S.2d 102, 103 (3d Dept. 1995). "[T]he open and obvious nature of a dangerous condition on its property does not relieve a landowner from a duty of care where harm from an open and obvious hazard is readily foreseeable by the landowner and the landowner has reason to know that the visitor might not expect or be distracted from observing the hazard." *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 121 (2d Cir. 2000). However, we found that landowners still owe a duty of care, even if a hazard is open and obvious, where (1) "customers would not expect to find the dangerous condition where it is," and (2) "defendant's displays of merchandise—particularly the displays above eye-level—would foreseeably distract the plaintiff to such an extent that she could not reasonably have been expected to observe the condition." *Id.* at 120-21. "While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence." *Tagle v. Jakob*, 97 N.Y.2d 165, 169 (2001)(internal citations omitted).

Here, there is simply nothing about the carport that raises a question of material fact as to whether it was open or obvious, or inherently dangerous. There is no evidence in the record that the pipe was obscured, or that Saltz was distracted at the time he tripped. Indeed, Saltz testified at his deposition that it was "obvious to [him] that the [] pipes were on the floor," and that he was "sure [he] saw" the pipes. Moreover, there were alternate clear paths available to Saltz through the center of the carport, or around the carpoort following the path created by the yellow lines, which he chose not to take. As there is nothing inherently dangerous about placing a carport between the parking lot and the store entrance, summary judgment was properly granted to Wal-Mart. *See Matthews v. Vlad Restoration Ltd.*, 904 N.Y.S.2d 391 (1st Dept. 2010) (summary judgment properly granted to defendant where obstruction open and obvious and not inherently dangerous); *Plis v. North Bay Cadillac*, 773 N.Y.S.2d 451 (2d Dept. 2004) (same).

Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2