■ CLAUDETTE MORRISON, Appellant, v APOSTOLIC FAITH MISSION OF PORTLAND, OREGON et al., Respondents. [974 NYS2d 568]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered April 17, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell while descending an interior staircase within the defendants' premises. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the staircase was not in a dangerous or defective condition. The Supreme Court granted the motion.

To impose liability upon a defendant landowner for a plaintiff's injuries, there must be evidence showing the existence of a dangerous or defective condition, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (see *Winder v Executive Cleaning Servs., LLC*, 91 AD3d 865 [2012]; *Gonzalez v Natick NY Freeport Realty Corp.*, 91 AD3d 597 [2012]; *Puma v New York City Tr. Auth.*, 55 AD3d 585 [2008]). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the subject staircase was not in a dangerous or defective condition. The subject staircase was constructed before the enact-

ment of the first New York City Building Code, and it was not in violation of any applicable regulation (*see Hyman v Queens County Bancorp*, 307 AD2d 984 [2003]). The evidence submitted by the defendants, including transcripts of the deposition testimony of the parties, showed that the defendants satisfied their common-law duty to maintain the staircase in a reasonably safe condition, and that the staircase was free of any defects (*see Altschuler v Gramatan Mgt., Inc.*, 27 AD3d 304 [2006]; *cf. Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.