■ CONCEPCION BERNAL et al., Appellants, v 521 PARK AVENUE CONDO et al., Respondents. [9 NYS3d 358]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered March 29, 2013, which granted the separate motions of the defendants Perimeter Bridge & Scaffolding Co., Inc., and Remco Maintenance LLC, for summary judgment dismissing the complaint insofar as asserted against them, and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the defendant 521 Park Avenue Condo.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs allege that the plaintiff Concepcion Bernal was injured when she slipped and fell on a metal grate in the sidewalk adjacent to the building located at 521 Park Avenue in Manhattan. The plaintiffs claim that the grate was wet due to water that had run off from the cleaning of the building's facade.

In support of their separate motions for summary judgment, the defendants Perimeter Bridge & Scaffolding Co., Inc., and Remco Maintenance, LLC (hereinafter together the moving defendants), established their prima facie entitlement to judgment as a matter of law by submitting evidence that no dangerous or defective condition existed. The mere fact that the sidewalk grate was wet was not sufficient to establish the existence of a dangerous condition (*see Patrick v Cho's Fruit & Vegetables*, 248 AD2d 692 [1998]; *see also Gerber v Rosenfeld*, 33 AD3d 662 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

Moreover, since the plaintiffs failed to raise a triable issue of fact as to whether there was a dangerous condition on the property, the Supreme Court properly exercised its authority pursuant to CPLR 3212 (b) in searching the record and awarding summary judgment to the nonmoving party, the defendant 521 Park Avenue Condo, with respect to an issue that was the subject of the motion before the court (*see Utility Audit Group v Apple Mac & R Corp.*, 59 AD3d 707, 708 [2009]). Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.