■ JOAN GERNER, Respondent, v SHOP-RITE OF UNIONDALE, INC., et al., Appellants. [50 NYS3d 459]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered June 12, 2015, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff was leaving the indoor café area of the defendants' supermarket when she allegedly tripped over the base, or foot, of a decorative fence. A planter had been placed between two of these fences to form part of a barrier separating the café area from the main aisle of the store. Instead of using a wider available path to exit the café area, the plaintiff attempted to reach the main aisle by walking in a narrow space between the decorative fence and the planter. Although the plaintiff had seen the fence before, and she was facing the fence as she walked sideways between the fence and the planter, she did not notice the foot of the fence before she tripped on it.

While a landowner has a duty to maintain its premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241-242 [1976]), "there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (*Nesbitt v Town of Poughkeepsie*, 88 AD3d 774, 774 [2011] [internal quotation marks omitted]; *see Lew v Manhasset Pub. Lib.*, 123 AD3d 1096 [2014]; *Sclafani v Washington Mut.*, 36 AD3d 682, 683 [2007]; *Gagliardi v Walmart Stores, Inc.*, 52 AD3d 777 [2008]). "While the issue of

whether a hazard is . . . open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001] [citations omitted]; *see Saltz v Wal-Mart Stores, Inc.*, 510 Fed Appx 68, 69 [2d Cir 2013]; *Gutman v Todt Hill Plaza, LLC*, 81 AD3d 892 [2011]).

Here, the defendants established, prima facie, that the fence, including the "leg" or foot of the fence, was open and obvious, as it was readily observable by those employing the reasonable use of their senses and, as a matter of law, was not inherently dangerous (*see Lew v Manhasset Pub. Lib.*, 123 AD3d at 1096; *Kaufmann v Lerner N.Y., Inc.*, 41 AD3d 660, 661 [2007]; *Sclafani v Washington Mut.*, 36 AD3d 682, 683 [2007]; *Casamassa v Waldbaum's Inc.*, 276 AD2d 659, 660 [2000]; *see also Connor v Taylor Rental Ctr.*, 278 AD2d 270 [2000]).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to her contention, she did not raise a triable issue of fact as to whether the foot of the fence constituted a "trap for the unwary" because it was somehow obscured (*Atehortua v Lewin*, 90 AD3d 794, 794 [2011]; *cf. Beck v Bethpage Union Free School Dist.*, 82 AD3d 1026, 1028 [2011]). Further, the plaintiff did not raise a triable issue of fact as to whether the foot of the fence was dangerously encroaching into the main aisle or other commonly used walkway (*cf. Manicone v City of New York*, 75 AD3d 535, 537 [2010]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.