Frankl v Costco Wholesale Corp. (2018 NY Slip Op 06719)





Frankl v Costco Wholesale Corp.


2018 NY Slip Op 06719


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-07997
 (Index No. 10617/15)

[*1]Regina Frankl, appellant, 
v
Costco Wholesale Corporation, respondent.


Bernstone and Grieco, LLP, New York, NY (Matthew A. Schroeder of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Rachel A. Rubin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 5, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured inside the defendant's store when she fell after she grabbed the side of a mesh wire bin. The bin was on wheels and moved forward when the plaintiff grabbed it. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
While a landowner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), there is no duty to protect or warn against an open and obvious condition that is not inherently dangerous (see Gerner v Shop-Rite Uniondale, Inc., 148 AD3d 1122; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendant established, prima facie, that the wheels on the bin were open and obvious and readily observable by the reasonable use of one's senses, and that the bin was not inherently dangerous (see Bartholomew v Sears Roebuck & Co., 159 AD3d 786; Gerner v Shop-Rite Uniondale, Inc., 148 AD3d at 1123; Stern v Costco Wholesale, 63 AD3d 1139, 1140). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court