Derosa v Zaliv, LLC (2020 NY Slip Op 07862)





Derosa v Zaliv, LLC


2020 NY Slip Op 07862


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-14335
 (Index No. 507968/17)

[*1]Christopher Derosa, respondent, 
v
Zaliv, LLC, et al., appellants, et al.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellants.
Pontisakos & Brandman, P.C., Garden City, NY (Elizabeth Mark Meyerson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 15, 2018. The order, insofar as appealed from, denied the motion of the defendant Zaliv, LLC, for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of the separate motion of the defendants TGI Friday's, Inc., and Friday Knights, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant TGI Friday's, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Zaliv, LLC, for summary judgment dismissing the complaint insofar as asserted against it, and that branch of the separate motion of the defendants TGI Friday's, Inc., and Friday Knights, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant TGI Friday's, Inc., are granted.
In April 2017, the plaintiff commenced this action to recover damages for personal injuries against the defendants, alleging that, in January 2017, he slipped and fell on the landing of an exterior staircase leading to the entrance of a TGI Friday's restaurant in Brooklyn. According to the plaintiff, the defendants were negligent in, among other things, the ownership and maintenance of the staircase on the premises.
The defendant Zaliv, LLC, moved for summary judgment dismissing the complaint insofar as asserted against it. Separately, the defendants TGI Friday's, Inc., and Friday Knights, LLC, moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 15, 2018, the Supreme Court, inter alia, denied the motion of Zaliv, LLC, and denied that branch of the separate motion of TGI Friday's, Inc., and Friday Knights, LLC, which was for summary judgment dismissing the complaint insofar as asserted against TGI Friday's, Inc. The defendants appeal.
The mere fact that an outdoor walkway or stairway becomes wet from precipitation is insufficient to establish the existence of a dangerous condition (see Gomez v David Minkin Residence Hous. Dev. Fund Co., Inc., 85 AD3d 1112, 1113; Cavorti v Winston, 307 AD2d 1018, [*2]1019). Here, the defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff's slip and fall on the landing of a stairway leading to the entrance of the restaurant occurred solely because that area was wet due to precipitation. Among other things, in support of their motions, the defendants submitted the transcript of plaintiff's deposition testimony, which indicates that the location where the plaintiff slipped and fell was wet due to the rain that had fallen and was falling at the time of his accident (see e.g. Marchese v Skenderi, 51 AD3d 642, 642-643; Bynum v Salter, 14 AD3d 582, 583).
In opposition, the plaintiff, who principally relied on the affidavit of his expert engineer, failed to raise a triable issue of fact (see Gomez v David Minkin Residence Hous. Dev. Fund Co., Inc., 85 AD3d at 1113).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the motion of Zaliv, LLC, for summary judgment dismissing the complaint insofar as asserted against it, and that branch of the separate motion of TGI Friday's, Inc., and Friday Knights, LLC, which was for summary judgment dismissing the complaint insofar as asserted against TGI Friday's, Inc.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court