Johnson v NYC Dept. of Parks & Recreation (2022 NY Slip Op 03503)





Johnson v NYC Dept. of Parks & Recreation


2022 NY Slip Op 03503


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2020-00238
 (Index No. 10058/14)

[*1]Monique Johnson, appellant, 
v
NYC Department of Parks and Recreation, et al., respondents.


David J. Hernandez, Brooklyn, NY (David A. Bonilla of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Ellen Ravitch of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 25, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 16, 2013, the plaintiff allegedly was injured when she tripped and fell on a concrete slab extending from the side wall of a staircase at Fort Greene Park in Brooklyn. According to the plaintiff, after walking down two steps, she decided to jog on a nearby path and exited the staircase on the right side by stepping over the side wall of the staircase onto the concrete slab, causing her to fall. The concrete slab was one of several such slabs abutting and running parallel to the staircase.
In July 2014, after having served the New York City Comptroller with a notice of claim and testifying at a hearing pursuant to General Municipal Law § 50-h, the plaintiff commenced this action against the defendants to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
While the owner or possessor of real property may have a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), "there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (Sneed v Fulton Park Four Assoc., L.P., 192 AD3d 1058, 1059; see Sebagh v Capital Fitness, Inc., 202 AD3d 853; Cupo v Karfunkel, 1 AD3d 48, 52). Here, the defendants established, prima facie, that the concrete slab was open and obvious and not inherently dangerous (see Gerner v Shop-Rite of Uniondale, Inc., 148 AD3d 1122, 1122-1123; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 557-558). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court