Shuttleworth v Saint Margaret's R.C. Church in Middle Vil. (2022 NY Slip Op 05730)

Shuttleworth v Saint Margaret's R.C. Church in Middle Vil.

2022 NY Slip Op 05730

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-07709
 (Index No. 703517/19)

[*1]Kelly Shuttleworth, respondent, 
v
Saint Margaret's Roman Catholic Church in Middle Village, etc., appellant.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
Zwirn & Saulino, P.C., Brooklyn, NY (Warren Zwirn, Klevis Peshtani, and Julie T. Mark of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated September 18, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On the morning of January 5, 2019, the plaintiff allegedly slipped and fell on a metal drainage grate located within the defendant's exterior parking lot in Queens. At the time, it was raining, and the wet condition of the metal grating allegedly caused the plaintiff to slip and fall. The plaintiff commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the drainage grate was not in a defective condition. The Supreme Court denied the defendant's motion. The defendant appeals.
A property owner has a duty to maintain his or her premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241; Doe v Sutlingar Realty Corp., 98 AD3d 1076). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of a dangerous or defective condition upon the landowner's property, the plaintiff must establish, among other things, that a dangerous or defective condition actually existed" (Riley v Lake Rd. Condominiums, 47 AD3d 697, 698; see Rojecki v Genting N.Y., LLC, 176 AD3d 992, 993; Gonzalez v Natick NY Freeport Realty Corp., 91 AD3d 597, 598). Here, the defendant established its entitlement to judgment as a matter of law by demonstrating, prima facie, that the metal drainage grate, which was not in violation of any applicable code, was not in a defective or hazardous condition and that it maintained its premises in a reasonably safe condition (see Rojecki v Genting N.Y., LLC, 176 AD3d at 993; Gonzalez v Natick NY Freeport Realty Corp., 91 AD3d at 598; see generally DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 801). The mere fact that the grate was wet from the falling rain was insufficient to establish the existence of a dangerous condition (see Bernal v 521 Park Ave. Condo, 128 AD3d 750; see also Derosa v Zaliv, LLC, 189 AD3d 1355, 1356; Medina v Sears, Roebuck & Co., 41 AD3d 798, 799). In opposition, the plaintiff failed to raise a triable issue of fact. [*2]Contrary to the plaintiff's contention, the conclusion of her expert that the parking lot was defectively designed, without setting forth any violations of industry-wide standards or accepted practices in the field of parking lot design and construction, was insufficient to raise a triable issue of fact (see Lorenzo v Garley, 190 AD3d 847, 848; Trojahn v O'Neill, 5 AD3d 472, 473).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court