Smith v 3173 Gas Corp. (2023 NY Slip Op 02903)

Smith v 3173 Gas Corp.

2023 NY Slip Op 02903

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-08895
 (Index No. 618763/18)

[*1]James W. Smith, et al., appellants, 
v
3173 Gas Corp., etc., respondent.

David J. Raimondo (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellants.
Fixler & LaGattuta, LLP, New York, NY (Paul F. LaGattuta III and Jack E. Brackney of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated November 9, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 17, 2018, the plaintiff James W. Smith (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on an exterior ramp at a gas station leased by the defendant. It was raining at the time of the accident, and the ramp was wet. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant. Prior to the filing of the note of issue, the defendant moved for summary judgment dismissing the complaint. The plaintiffs subsequently served an amended bill of particulars, and opposed the defendant's motion for summary judgment based upon the theories raised in the amended bill of particulars. The Supreme Court granted the defendant's motion. The plaintiffs appeal.
In order to impose liability upon a defendant in possession of real property in a slip-and-fall case, there must be evidence tending to show the existence of a dangerous or defective condition (see Shuttleworth v Saint Margaret's R.C. Church in Middle Vil., 209 AD3d 786; Rojecki v Genting N.Y., LLC, 176 AD3d 992, 993). Here, in support of its motion, the defendant submitted, inter alia, a transcript of the injured plaintiff's deposition testimony, which established that the ramp where the injured plaintiff slipped and fell was wet due to the rain that had fallen and was still falling at the time of the accident. The mere fact that an outdoor ramp became wet from rain was insufficient to establish the existence of a dangerous condition, and, accordingly, the defendant established its prima facie entitlement to judgment as a matter of law (see Derosa v Zaliv, LLC, 189 AD3d 1355, 1356; Medina v Sears, Roebuck & Co., 41 AD3d 798, 799; King v New York City Tr. Auth., 266 AD2d 354).
The new theories of liability raised for the first time in the amended bill of particulars have been considered on appeal, as "a party may amend the bill of particulars once as of course prior to the filing of a note of issue" (CPLR 3042[b]). However, even upon consideration of these [*2]additional theories, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, their expert evidence did not raise a triable issue of fact as to whether the alleged defective condition of the ramp itself was a proximate cause of the accident (see generally Amster v Kromer, 150 AD3d 804; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660). Additionally, the conclusory and self-serving affidavit of the injured plaintiff, which contradicted his prior deposition testimony, was insufficient to raise a triable issue of fact as to whether the alleged defects identified by his expert were the proximate cause of his fall (see generally Kornreich v Young Men's & Young Women's Hebrew Assn. of Boro Park, 132 AD3d 815, 816; Jimenez v T.J. Maxx, Inc., 17 AD3d 638).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court