D.S. v Sachem Cent. Sch. Dist. (2024 NY Slip Op 00443)

D.S. v Sachem Cent. Sch. Dist.

2024 NY Slip Op 00443

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-06949
2023-01092
 (Index No. 612785/18)

[*1]D. S., etc., et al., appellants, 
v
Sachem Central School District, respondent.

Bergman Bergman Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, and Clifford D. Gabel of counsel), for appellants.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 1, 2022, and (2) a judgment of the same court entered September 6, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The infant plaintiff was walking on a grass field on the defendant's premises during recess when he slipped and fell. The infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, thereafter commenced this action against the defendant, inter alia, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion in an order dated August 1, 2022. A judgment was subsequently entered upon the order in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
"An owner of land has a duty to maintain [its] property in a reasonably safe condition" (Flores v Harvest Moon Farm & Orchard, 206 AD3d 623, 624; see Locke v Calamit, 175 AD3d 560, 561). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (Luttenberger v [*2]McManus-Lorey Funeral Home, Ltd., 200 AD3d 671, 671 [internal quotation marks omitted]; see Locke v Calamit, 175 AD3d at 561). Furthermore, a landowner "will not be held liable for injuries arising from a condition on the property that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (Torres v State of New York, 18 AD3d 739, 739; see Miano v Rite Aid Hdqtrs. Corp., 160 AD3d 713).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by showing that the allegedly hazardous condition was open and obvious, not inherently dangerous, and incidental to the nature of the grass field (see Flores v Harvest Moon Farm & Orchard, 206 AD3d at 624; Sirianni v Town of Oyster Bay, 156 AD3d 739, 740; Bernal v 521 Park Ave. Condo, 128 AD3d 750, 750). Moreover, the defendant demonstrated that the allegedly hazardous condition was not obscured by grass or debris, that the infant plaintiff was not distracted (see Gerner v Shop-Rite of Uniondale, Inc., 148 AD3d 1122, 1123; Julianne Oldham-Powers v Longwood Cent. Sch. Dist., 123 AD3d 681, 682), and that it maintained the premises in a reasonably safe condition (see Shuttleworth v Saint Margaret's R.C. Church in Middle Vil., 209 AD3d 786, 787).
In opposition, the plaintiffs failed to raise a triable issue of fact. In particular, the affidavit of the plaintiffs' expert failed to set forth any violations of applicable codes or industry-wide standards, explain how he reached his conclusions (see Lorenzo v Garley, 190 AD3d 847, 848; Toes v National Amusements, Inc., 94 AD3d 742, 743), or set forth how the allegedly hazardous condition constituted a "trap for the unwary" (Gerner v Shop-Rite of Uniondale, Inc., 148 AD3d at 1123 [internal quotation marks omitted]; see Julianne Oldham-Powers v Longwood Cent. Sch. Dist., 123 AD3d at 682). In addition, the infant plaintiff's deposition testimony that he slipped on a grate that was depressed in the ground and covered with mud, leaves, and grass contradicted the testimony that the infant plaintiff gave during an earlier hearing pursuant to General Municipal Law § 50-h that he slipped in a puddle and landed on a grate. The infant plaintiff's deposition testimony was insufficient to raise a triable issue of fact because it presented feigned issues of fact as to the nature of the alleged hazard (see Ventura v County of Nassau, 175 AD3d 620, 621; Johnson v Braun, 120 AD3d 765, 766).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
MALTESE, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court