**Gill v Carroll Gardens Realty LLC.**

2025 NY Slip Op 33013(U)

July 29, 2025

Supreme Court, Kings County

Docket Number: Index No. 510705-2023

Judge: Peter P. Sweeney

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73
-------------------------------------------------------------------X
GREGORY GILL,

                                        Plaintiff,
              -against-

CARROLL GARDENS REALTY LLC., MICHAEL
MAYO, ELVA MAYO, 354 DEGRAW STREET LLC.,
and MICHAEL SACKLER-BERNER,

                                        Defendants.
-------------------------------------------------------------------X

Index No.: 510705-2023
Motion Date: 7-28-25
Mot. Seq. No.: 4, 5

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 93-102, 107-126, were read on this motion and cross-motion:

In this action to recover damages arising out of a trip and fall accident that occurred on the public sidewalk, in motion sequence no. 4, the plaintiff, GREGORY GILL, moves for an order pursuant to CPLR 3212, granting the plaintiff partial summary judgment against defendant CARROLL GARDENS REALTY LLC. ("Carroll Gardens") and MICHAEL MAYO on the issue of liability. In motion sequence no. 5, defendants, Carroll Gardens and Michael Mayo cross-move for an order pursuant to CPLR 3212 granting summary judgment dismissing plaintiff's complaint.

Plaintiff commenced this action seeking to recover damages for personal injuries that he claims he suffered on April 17, 2020, when he tripped and fell on raised sidewalk flag, which measured approximately 1½ to 2 inches in height. The accident occurred on the public sidewalk in front of building located at 337 DeGraw Street, Brooklyn, New York, which contained six residential units and a commercial space on the ground floor. The building was owned by the defendant, Michael Mayo, who is also the principal of defendant, Carroll Gardens, the tenant who occupied the ground floor space. Plaintiff contends that the raised sidewalk flag constituted a dangerous condition, as a matter of law, that the defendants had the duty to maintain the public sidewalk in front of the building, that the defendants had notice of the alleged dangerous

1

[* 1]

condition, that the defendants were negligent in failing to repair the alleged dangerous condition and/or in failing to take other suitable precautions, and that defendants' negligence was a substantial factor in causing plaintiff's accident.

It is well settled that summary judgment is a drastic remedy that should be granted only when it is clear that no triable issues of fact exist (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). On a motion for summary judgment, the moving party must make a prima facie showing of its entitlement to judgment as a matter of law before the burden shifts to the party opposing the motion to establish the existence of a triable issue of fact (*see Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324, 508 N.Y.S.2d 923, 501 N.E.2d 572). In a negligence based on the existence of an alleged dangerous condition, to be awarded partial summary judgment on the issue of liability, a plaintiff must first demonstrate that the alleged condition was dangerous as a matter of law.

Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is almost always a question of fact for the jury (*Snyder v. AFCO Avports Mgt., LLC*, 232 A.D.3d 209, 212–213, 219 N.Y.S.3d 360; *see Trincere v. County of Suffolk*, 90 N.Y.2d 976, 977, 665 N.Y.S.2d 615, 688 N.E.2d 489). Indeed, in *Salis v. Murray*, 28 N.Y.S.2d 171, 171, the Court held that the Trial Court erred in charging the jury that a that a four-inch drop in the sidewalk was dangerous as a matter of law and that the issue of whether the drop was dangerous should have been given to the jury. The Court holds that the plaintiff did not establish, in the first instance, that the raised sidewalk constituted a dangerous condition, as a matter of law, and that the issue of whether the alleged condition of the sidewalk was dangerous is for the jury. Since the plaintiff did not meet its initial burden of establishing as a matter of law that the raised sidewalk flag constituted a dangerous condition as a matter of law, plaintiff's motion is denied regardless of the sufficiency of defendants opposing papers.

Turning to defendants' cross motion, the attorney for the defendants cites a string of cases that stand for the proposition that "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (*Smith v. Dutchess Motor Lodge*, 213 A.D.3d at 882, 184 N.Y.S.3d 374 [internal quotation marks omitted]; *see Lore v.*

2

[* 2]

*Fitness Intl., LLC,* 211 A.D.3d 722, 722, 177 N.Y.S.3d 899*Lore v. Fitness Intl., LLC,* 211 A.D.3d 722, 722, 177 N.Y.S.3d 899). In discussing this principle, the Appellate Division, Second Department recently stated:

> A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (*Rider v. Manhattan Monster, Inc.,* 208 A.D.3d 807, 808, 174 N.Y.S.3d 423 [internal quotation marks omitted]; *see Catman v. Back Water Grille LLC,* 225 A.D.3d at 967, 206 N.Y.S.3d 786). "While the issue of whether a hazard is ... open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence" (*Tagle v. Jakob,* 97 N.Y.2d 165, 169, 737 N.Y.S.2d 331, 763 N.E.2d 107 [citations omitted]; *see Gerner v. Shop–Rite of Uniondale, Inc.,* 148 A.D.3d 1122, 1123, 50 N.Y.S.3d 459).

*(Raspberry v. Best W. JFK Airport Hotel,* No. 2022-05870, 2025 WL 2055334, at *1 [July 23, 2025]).

Here, after a review of the record on this motion, the court holds that whether the raised sidewalk flag was open an obvious and not inherently dangerous present questions of fact for the jury. The plaintiff did not establish that these issues can be decided as a matter of law. The cross-motion must therefore be denied.

The court has considered defendants' remaining arguments in support of the cross motion and find them unavailing.

For all the above reasons, it is hereby

**ORDERED** that motion sequence nos. 4 and 5 are **DENIED.**

3

[* 3]

[* 4]

This constitutes the decision and order of the court.

Dated: July 29, 2025



_____

PETER P. SWEENEY, J.S.C.

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020



4