Ruiz v A&A World Realty, Inc. (2025 NY Slip Op 04669)

Ruiz v A&A World Realty, Inc.

2025 NY Slip Op 04669

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-04198
 (Index No. 713727/19)

[*1]Steven Ruiz, appellant, 
v
A & A World Realty, Inc., et al., respondents.

Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Maria T. Fasulo, and Jillian Rosen], of counsel), for appellant.
Kevin P. Westerman, Garden City, NY (Michael Callari III of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Claudia Lanzetta, J.), entered February 1, 2024. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In May 2019, the plaintiff allegedly was injured when he slipped and fell on a metal plate located between a sidewalk and the entrance of the parking garage in the defendants' building in Queens. The plaintiff commenced this action against the defendants to recover damages for personal injuries. At his deposition, the plaintiff testified that it was "drizzl[ing]" at the time of the accident and that he "slipped" on the metal plate, which was "wet," as he was walking into the parking garage, causing him to fall on his buttock. The defendants moved, inter alia, for summary judgment dismissing the complaint. In an order entered February 1, 2024, the Supreme Court granted that branch of the motion. The plaintiff appeals.
"'In order for a landowner to be liable in tort to a plaintiff who is injured as a result of a dangerous or defective condition upon the landowner's property, the plaintiff must establish, among other things, that a dangerous or defective condition actually existed'" (Shuttleworth v Saint Margaret's Roman Catholic Church in Middle Vil., 209 AD3d 786, 787, quoting Riley v Lake Rd. Condominiums, 47 AD3d 697, 698; see McKevitt v True N. Urgent Care, LLC, 224 AD3d 741, 742). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the metal plate on which the plaintiff slipped and fell was not a dangerous or defective condition (see Smith v 3173 Gas Corp., 216 AD3d 1192, 1192; Shuttleworth v Saint Margaret's Roman Catholic Church in Middle Vil., 209 AD3d at 787; Derosa v Zaliv, LLC, 189 AD3d 1355, 1356; Rojecki v Genting N.Y., LLC, 176 AD3d 992, 993; Bernal v 521 Park Ave. Condo, 128 AD3d 750, 751).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, his affidavit, in which he averred that he fell due to a "raised defect" in the [*2]concrete abutting the metal plate, presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony as to the cause of his fall and, thus, was insufficient to defeat summary judgment (see D.S. v Sachem Cent. Sch. Dist., 223 AD3d 925, 926; Meade v Hampton Diaries, Inc., 219 AD3d 1424, 1425).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court