Jacinto v Cipes
2026 NY Slip Op 03953
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Onelda Jacinto, appellant,
v
Stephen Cipes, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-10949, (Index No. 70144/19)
Betsy Barros, J.P.
Cheryl E. Chambers
Lillian Wan
Susan Quirk, JJ.

Law Office of Ryan S. Goldstein, PLLC, Bronx, NY, for appellant.
Schwab & Gasparini, PLLC, White Plains, NY (Louis U. Gasparini of counsel), for respondents Stephen Cipes, Lauria Realty Services, Inc., and Robert Lauria.
Eric D. Feldman, Melville, NY (David R. Holland of counsel), for respondent Verdi Construction Co., LLC.
Correia, Conway & Stiefeld, White Plains, NY (Marc E. Stiefeld of counsel), for respondent SJS Concrete Works, LLC.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated July 26, 2023. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Stephen Cipes, Lauria Realty Services, Inc., and Robert Lauria, the defendant SJS Concrete Works, LLC, and the defendant Verdi Construction Co., LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured when she slipped and fell while walking across an outdoor stamped concrete walkway in front of a Dunkin' Donuts where she worked. She alleged, among other things, that a sealant applied to the walkway made it excessively slippery, especially when wet. The plaintiff commenced this action against the defendants Stephen Cipes, the owner of the shopping center in which the Dunkin' Donuts was located; Lauria Realty Services, Inc., the managing company of the shopping center; Robert Lauria, the president of the managing company; Verdi Construction Co., LLC (hereinafter Verdi), the general contractor which renovated the area where the accident occurred; and SJS Concrete Works, LLC (hereinafter SJS), the subcontractor Verdi retained to build the walkway. Cipes, Lauria Realty Services, Inc., and Robert Lauria moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Verdi also moved, and SJS separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated July 26, 2023, the Supreme Court, inter alia, granted those branches of the separate motions. The plaintiff appeals.
SJS and Verdi each made a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. A contractor can [*2]be held liable to a third party when, "in failing to exercise reasonable care in the performance of [its] duties, [it] launche[s] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [internal quotation marks omitted]). Here, SJS and Verdi each demonstrated that they did not launch an instrument of harm or create or exacerbate a dangerous condition (see Espinal v Melville Snow Contrs., 98 NY2d 136; Quezada v Structure Tone, Inc., 226 AD3d 716). They further established that they were justified in relying upon the plans and specifications that they had contracted to follow because those plans were not so patently defective as to place them on notice that the application of the sealant created any danger (see Walsh v Super Value, Inc., 76 AD3d 371, 376-377). In opposition, the plaintiff failed to raise a triable issue of fact (see Union v Excel Commercial Maintenance, 185 AD3d 869, 870).
Moreover, all of the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not slip and fall due to a dangerous condition of the walkway. "The mere fact that an outdoor walkway or stairway becomes wet from precipitation is insufficient to establish the existence of a dangerous condition" (Derosa v Zaliv, LLC, 189 AD3d 1355, 1356). Here, the defendants demonstrated that the plaintiff's slip and fall occurred solely because the walkway was wet due to precipitation (see id.). In opposition, the plaintiff failed to raise a triable issue of fact (see Rodriguez v Kimco Centereach 605, 298 AD2d 571, 572).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the separate motions of SJS, Verdi, and Cipes, Lauria Realty Services, Inc., and Robert Lauria which were for summary judgment dismissing the complaint insofar as asserted against each of them.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court